1

**ROSEN & ASSOCIATES, P.C.**
**Robert C. Rosen (SBN 79684)**

2

**John B. Wallace (SBN 93047)**
**Lisa Hiraide (SBN 206142)**

3

**David Bleistein (SBN 191810)**
444 S. Flower Street, Suite 3010

4

Los Angeles, CA 90071
Tel.: (213) 362-1000; Fax: (213) 362-1001

5

email: mail@rosen-law.com

6

Attorneys for Plaintiff **JAMES MURTAGH, M.D.**; and Cross Defendants **JAMES

7

MURTAGH, M.D.**; **ROSEN & ASSOCIATES, P.C.**; **ROBERT C. ROSEN; JOHN
B. WALLACE; LISA HIRAIDE;** and **DAVID BLEISTEIN**

8

### UNITED STATES BANKRUPTCY COURT

9

### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

10

| | |
|---|---|
| In re | Bk. Case No.: 2:15-bk-20351–BB (Ch. 7); |
| CLARK BAKER, | Adv. Case No.: 2:15-ap-01535-BB |
| Debtor. | **CROSS DEFENDANTS'** *REPLY* **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS CROSS COMPLAINT [FRCP 8; 12(b)(6)] OR ALTERNATELY, FOR MORE DEFINITE STATEMENT [FRCP 12(e) AND TO STRIKE PORTIONS OF CROSS COMPLAINT [FRCP 12(f)]; MEMORANDUM OF POINTS AND AUTHORITIES** |
| JAMES MURTAGH, M.D., | |
| Plaintiff, | |
| vs. | **Concurrently Lodged: EVIDENTIARY OBJECTIONS TO BAKER'S OPPOSITION AND OBJECTIONS TO BAKER'S REQUEST FOR JUDICIAL NOTICE** |
| CLARK BAKER, | |
| Defendant. | DATE:      May 10, 2016<br>TIME:      2:00 p.m.<br>DEPT:      1475 |
| | Petition filed: June 29, 2015<br>Cross Complaint filed: March 24, 2016<br>Trial Date: Not yet set |
| AND RELATED CROSS COMPLAINT | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . -1-

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
II.   UNDISPUTED MATTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
      A.    APPLICABLE LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . -6-
            1.    Facial Plausibility . . . . . . . . . . . . . . . . . . . . . . . . -6-
            2.    Non-Speculative . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
      B.    BAKER ALLEGED *NO VIOLATION* OF THE STAY . . . . . . . . . . . -6-
            1.    Baker Simply Failed to Allege Any Act Which Fit
                  Within § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
            2.    Unfair Leverage Alone Does Not State a Claim . . . . . . . . . -7-
            3.    Baker Misstates His Own Allegations . . . . . . . . . . . -7-
      C.    BAKER IS WRONG ON THE LAW AS TO CITIZEN
            COMPLAINTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-
            1.    Baker Defaulted as to Dr. Murtagh's Analysis of the Law  8
            2.    Wrong as to Ninth Circuit Test . . . . . . . . . . . . . . . . . . . -8-
            3.    Exception Applies Here . . . . . . . . . . . . . . . . . . . -8-
            4.    Baker's Bald Conclusion . . . . . . . . . . . . . . . . . . . . . . . . -9-
            5.    Baker's Inapplicable Authorities . . . . . . . . . . . . . . . . . . . -9-
            6.    *McMullen* Does Not Help Baker . . . . . . . . . . . . . . . . . . . -10-

D.    BAKER DEFAULTED ON CROSS DEFENDANTS' OTHER POINTS . . -10-
            1.    First Amendment Concerns . . . . . . . . . . . . . . . . . . . . . -10-
            2.    Duty to Report Crime . . . . . . . . . . . . . . . . . . . . . . . . -11-

E.    BAKER IS ESTOPPED FROM ASSERTING THAT HIS LICENSE WAS
      AN ASSET OF THE ESTATE . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

F.    CROSS-DEFENDANTS ROSEN & ASSOCIATES, P.C. ("R&A"), ROSEN,
      HIRAIDE AND BLEISTEIN ARE *NOT PROPER PARTIES* . . . . . . . . . -12-
            1.    Baker Relies on Boilerplate Agency Allegations . . . . . . . . . . . . . . . -12-
            2.    Baker's Allegations Against the Attorney Defendants Fail
                  As A Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . -12-
            3.    Boilerplate Agency Allegations Are Insufficient . . . . . . . . . . . -13-
            4.    Baker's Agency Allegations are Implausible . . . . . . . . . . . . . . . . . -14-

G.    BAKER ALLEGES NO POST-PETITION ACT BY WALLACE . . . . . . . . -15-
            1.    Bald Speculation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
            2.    No Facts Rebut the Explanation as to Inconsistent Dates . -15-

H.    PARTS OF THE CROSS COMPLAINT SHOULD BE STRICKEN . . . . . -16-
IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

i

# TABLE OF AUTHORITIES

## CASES                                                                      Page No.

Aiello v. Providian Fin. Corp.,
    239 F.3d 876 (7th Cir. Ill. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Algeran, Inc. v. Advance Ross Corp.,
    759 F.2d 1421 (9th Circ. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

Beker Indus. Corp. v. Fla. Land and Water Adjudicatory Comm'n.,
    57 B.R. 611 (Bankr. S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

Bender Indus. Grp., Inc. v. Herbert
    2015 Bankr. LEXIS 1115, *7 (Bankr. D. Or. Apr. 3, 2015) . . . . . . . . . 8, 10

Cavanagh v. Dir., Ventura County Prob.,
    2012 U.S. Dist. LEXIS 98383 (C.D. Cal. July 12, 2012) . . . . . . . . . . . . . 10

Christmas v. Md. Racing Comm'n.,
    102 B.R. 447, 450-61 (Bankr. D. Md. 1989) . . . . . . . . . . . . . . . . . . . . . 9

Cournoyer v. Lincoln,
    53 B.R. 478 (D.R.I. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Eldorado Stone, LLC v. Renaissance Stone, Inc.,
    2005 U.S. Dist. LEXIS 45238, *24 (S.D. Cal. May 26, 2005) . . . . . . . . . 14

Emmerson v. Regis,
    2011 Bankr. LEXIS 1487 (B.A.P. 9th Cir. Mar. 25, 2011) . . . . . . . . . . . 16

Falahati v. Kondo,
    127 Cal.App.4th 823 (Cal. App. 2d Dist. 2005) . . . . . . . . . . . . . . . . . . 14

Fant v. Residential Servs. Validated Publ'ns,
    2007 U.S. Dist. LEXIS 23010 (E.D. Cal. Mar. 16, 2007) . . . . . . . . . . . . . 1

Friedman v. Shapiro,
    185 B.R. 143 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Goff v. Oklahoma,
    159 B.R. 33 (Bankr. N.D. Okla. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 17

Gruntz v. Los Angeles,
    202 F.3d 1074 (9th Cir. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Hucke v. State of Oregon,
    992 F.2d 950 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Albany Partners, Ltd.,
    749 F.2d 670, 674-676 (11th Circ. 1984) . . . . . . . . . . . . . . . . . . . . . . 17

In re Fitch,
    123 B.R. 61, 63 (Bankr. D. Idaho 1991) . . . . . . . . . . . . . . . . . . . . . . . 9

In re Hartung,
    258 B.R. 210 (Bankr. D. Mont. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 10

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

In re Hobson,
      2001 Bankr. LEXIS 2301 (Bankr. W.D. Tenn. Oct. 10, 2001) . . . . . . . . . . 8
In re Nash,
      464 B.R. 874, 884-885 (9th Cir. BAP 2012) . . . . . . . . . . . . . . . . . . . . . . . 10
In re Pinetree, Ltd.,
      876 F.2d 34, 37-38 (5th Circ. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
In re Sam Daily Realty, Inc.,
      57 B.R. 83, 85-86 (Bankr. D. Haw. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 9
In re Toyota Motor Corp.,
      785 F. Supp. 2d 883 (C.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
In re Wiard,
      2013 Bankr. LEXIS 3313 (Bankr. D. Mont. Aug. 9, 2013) . . . . . . . . . . . 10
Jethroe v. Omnova Solutions, Inc.,
      412 F.3d 598 (5th Cir. Miss. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Leible v. Material Control Inc.,
      2015 U.S. Dist. LEXIS 125050 (W.D.N.Y. Sept. 18, 2015) . . . . . . . . . . . 11
Matter of National Hospital & Institutional Builders,
      658 F.2d 39 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
McMullen v. Sevigny,
      386 F.3d 320 (1st Cir. Mass. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8
Papasan v. Allain,
      478 U.S. 265, 286 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,
      81 F.3d 355, 361 (3d Cir. Pa. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Soares v. ReconTrust Co., N.A.,
      2012 U.S. Dist. LEXIS 73383, *--- (N.D. Cal. May 25, 2012) . . . . . . . . . 14
Thomassen v. DMQA,
      15 B.R. 907, 909 (BAP 9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Wade v. State Bar of Arizona
      115 B.R. 222, 228 (9th Cir. BAP 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Whitehurst v. 230 Fifth, Inc.,
      998 F. Supp.2d 233 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

Federal Practice and Procedure § 1216 (3d ed. 2004) . . . . . . . . . . . . . . . . . . . 6
F.R.Civ.P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
11 U.S.C. §§ 305, 707 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
11 U.S.C. § 362(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8
11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

iii

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  INTRODUCTION

3    **Baker's Pleading is Insufficient**.  Baker has *not* shown that his Cross

4   Complaint contains **sufficient facts** to state a claim for a violation of the

5   automatic stay within § 362(a). Baker simply alleged two *communications* with

6   regulators about Baker's private investigator license. *McMullen v. Sevigny*, 386

7   F.3d 320, 328 (1st Cir. Mass. 2004) (bold added; relied on extensively by Baker

8   himself, Opp.11:24-12:12):

9
10

> "[a] private party's reporting of wrongful conduct to governmental
> regulatory authorities is **neither** the commencement of **a proceeding**
> under subsection 362(a)(1), **nor** necessarily an 'act to collect' under
> subsection 362(a)(6)."

11

12    Baker did **not** allege a "commencement or continuation" of any legal

13   "proceeding." Baker did **not** allege any "act" to obtain possession of property or to

14   "collect" on a claim.  For this reason alone, Baker's Cross Complaint fails.[1]

15    **Post-Petition Activity**. In addition, the stay does ***not*** apply to Baker's

16   ***ongoing post-petition activity***. *See e.g., Fant v. Residential Servs. Validated

17   Publ'ns,* 2007 U.S. Dist. LEXIS 23010 (E.D. Cal. Mar. 16, 2007). This Court

18   mentioned its awareness that Baker's websites about Dr. Murtagh were still active

19   after his petition was filed.

20    **A Statutory Exception Applies.** Still further, a statutory exception applies

21   for regulatory actions. 11 U.S.C. § 362(b). Baker's citations do not apply because

22   they predate *Gruntz v. Los Angeles,* 202 F.3d 1074 (9th Cir. Cal. 2000) and/or are

23   outside this Circuit.

24
25
26
27

---

[1]    **Clarification – in light of Baker's Confusion**. Baker's counsel is clearly
confused about the various Motions filed by Cross Defendants. To clarify: (a)Dr.
Murtagh moved to dismiss the *bankruptcy proceeding* pursuant to 11 U.S.C. §§ 305
and 707 –  and he supported *that* motion with abundant evidence; and (b) the Cross
Defendants filed separate motions to dismiss the *Cross Complaint* based on FRCP
12(b) but they offered *no evidence* extraneous to Baker's pleading. Separate motions
were filed because that is Cross Defendants' right – although for the Court's
convenience, three Cross Defendants joined in one motion and whenever possible, the
Motions incorporated by reference.

28

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

1

1    **Improper Parties are Named**. Baker tries to justify naming attorneys

2    Hiraide, Rosen and Bleistein as Cross Defendants based on a boilerplate agency

3    allegation (Opp. 14:15-28) - but that has routinely been deemed insufficient to

4    extend liability to other persons.  Moreover, it is just not plausible to allege that

5    Attorney Wallace or Consultant Anderson communicated with regulators about

6    Baker on behalf of Wallace's associates; according to Baker's own allegations,

7    Wallace and Anderson acted on behalf of the client-principal, Dr. Murtagh, not

8    other lawyers in the law firm.

9    **First Communication**. Baker cannot proceed based on the first

10   communication – because Baker admits that the first communication was pre-

11   petition and that his Cross Complaint is only based on the second communication

12   (¶34, n.4 ("[t]his latter filing must be the "live" complaint on which any action for

13   violation of the stay is to be based"); Opp. 2:6-10 (admitting that first

14   communication was pre-petition).

15   **Baker's License is Not an Estate Asset**. Baker alleges (¶30) and argues

16   (Opp. 9:1-4) that the 2 communications concerned Baker's California private

17   investigator license and that the license is an asset of Baker's estate (¶30).[2]

18   However, Baker did not disclose his private investigator license as an asset of the

19   estate! (See Docket no. 4, Sch. B - Personal Property, at page 5 at line 24 -

20   marking "none" as to "licenses").  Moreover, the Bankruptcy Appellate Panel of

21   the Ninth Circuit (affirmed by the Ninth Circuit) has held that "**[a] nontransferable**

22   **professional license, such as the one at issue in this case, is *not* a property**

23   **interest**. [citations omitted]." (Emphasis added.)  *Wade v. State Bar of Arizona* (*In*

24   *re Wade*) 115 B.R. 222, 228 (9th Cir. BAP 1990) (holding the automatic

25   bankruptcy stay not applicable to disciplinary proceeding by state bar  - attorney's

26   license not part of bankruptcy estate) aff'd, 948 F.2d 1122, 1123, 25 (9th

27   

28   

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

---

[2]    **Baker's Allegation re License**: "As BAKER's company OMSJ, his computers
and **investigative license** constitute property of the bankruptcy estate under 11
U.S.C. § 541 of the Bankruptcy Code . . ." (¶30; 22:7-9; bold added).

1  Cir.1991) (holding that the government exception to the automatic stay applied to

2  proceeding). Here, Baker's private investigator license is a non-transferable

3  professional license like the license at issue in *In Re Wade*, and is thus not

4  property of the bankruptcy estate. As such, there can be no violation of the stay.

5  Baker also defaults on this point by ignoring it.

6      **Utterly Confusing**. Instead of using his Opposition to clarify his own

7  confusing allegations, Baker actually mischaracterizes his allegations and offers

8  many opinions and speculation, and thereby further confuses an already obtuse

9  Cross Complaint.  Baker's Opposition is so convoluted that Dr. Murtagh cannot

10  fully understand it and, therefore, cannot fully respond to it. In any event, the

11  Cross Complaint also fails because Baker does not deny that the Cross

12  Complaint lacks the **short and plain statement** required by F.R.Civ.P. 8.

13      **Not Facially Plausible**. Baker veers off into shrill hysteria by arguing that

14  via the two communications, "Cross-Defendants would be able to abscond with

15  Debtor's assets" (Opp. 13:5-6) - though this is a "no-asset estate."  Baker invokes

16  terms and concepts which simply mischaracterize the communications which he

17  alleged - such as "Complaint," "Case," "Filed" and "Dismissed."  Baker has ***not***

18  shown that his key allegations pass the ***facial plausibility test*** required by the

19  United States Supreme Court.

20      Finally, leave to Amend should ***not*** be granted absent a proffer of facts

21  which Baker would allege.

22

23                    **II.  UNDISPUTED MATTER**

24      **Two Communications Only**. Baker does ***not deny*** that his Cross

25  Complaint is limited to ***two communications*** (Mot. 4:15-6:10) – namely, one by

26  attorney Wallace (¶¶32, 34 (fn. 4); "Wallace's Communication") and one by

27  consultant Anderson (¶34; "Anderson's Communication").[3]

28

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

---

[3]/    **¶**. Paragraph references are to Baker's Cross Complaint.

**Non-Actionable Communication**. Baker admitted that his Cross Complaint could *only* be based on Anderson's Communication. Opp.2:6-10 ("Anderson . . . filed the post-petition Complaint"); ¶34, n.4 ("[t]his latter filing must be the 'live' complaint on which any action for violation of the stay is to be based"), because Wallace's Communication was pre-petition; ¶34 at n.4 (Wallace's Communication led to opening and closing a "case" before Baker filed his petition);[4] Opp. 1:27-2:2 (Baker's "counsel was informed that there was a pre-petition Complaint filed, which was also dismissed, pre-petition").[5]

**Obsession with Non-Actionable Communication**. Baker does not discuss Anderson's communication. Instead, Baker obsesses about Wallace's Communication which Baker admitted is not actionable (see above - ¶34 (fn. 4)):

a.    Wallace's Communication was sent to many agencies (Opp. 1:5-23);

b.    "Attachment B" to Wallace's Communication asked for specific relief (Opp. 2:24-3:15; 10:5-24);

c.    Wallace's Communication was mentioned in a letter to counsel for Baker's "domestic partner" (Opp. 1:17-23; see also Notice of Objections below because this fact does not appear in the Cross Complaint, is misleading and irrelevant);

d.    Baker is annoyed that a "filed" (i.e., file-stamped) copy of *Wallace's Communication* was never provided to Baker's counsel (Opp. 1:24-2:10; which incorrectly presumes possession of such a copy, but more fundamentally is just irrelevant);

---

[4/]    **Baker's Misleading Language**. Baker's actual allegation was that the agency's file was "closed" by the agency (¶34, n.4) (before Baker's petition was filed) – but again, Baker's own words morph his own allegation from "closing" to "dismissed," in a fast and loose manner with the facts, for his own self-serving purposes.

[5/]    **Baker was on Notice**. Baker's own allegation, namely that he was informed in writing that "[t]he DCA [or BSIS] Complaint was NOT sent after your clients' petitions in bankruptcy were filed" (¶32) – but Baker ignored that information and filed a Cross Complaint which focuses on a communication which Baker admits is not actionable.

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

4

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

1        e.      Baker when he argues that "restitution" and "non-pecuniary relief

2   requested by Cross-Defendants is also aimed at advancing Murtagh's pecuniary

3   interest" (Opp. 12:19-20) - which refers to *Wallace's Communication*.

4        **No "Filed Case."**  Baker refers to Dr. Murtagh's "filing a case" with the

5   BSIS. This Court can judicially notice that administrative agencies assign

6   identification numbers to citizen grievances and that those numbers may be

7   internally referred to as "cases" by the administrative agency – but **a private**

8   **person cannot "file a case."**  A person can only assist an agency to carry out its

9   duty by communicating a grievance to an agency (which is not a "Complaint" as

10  understood by litigators as a legal term of art, i.e., the first pleading in a civil action

11  or legal proceeding).  Based on that judicially noticeable aspect of the real world,

12  Baker's characterization that Dr. Murtagh "filed a case" is not facially plausible

13  and misleadingly tries to morph a mere communication into a "legal proceeding."

14       **Irrelevant Date.**  Baker argues that "[a]s stated in the Cross-Complaint, on

15  January 13, 2016 (**post-petition**), Murtagh's counsel faxed Debtor's counsel a 93

16  page complaint that they filed to [sic] the Bureau of Private Investigators and

17  Adjusters, Department of Consumer Affairs, State of California ("BSIS")." (Opp.

18  1:10-12). However, the date on which the document was sent **to BSIS** is the

19  relevant date – **not** the date (one year later) when the document was faxed **to**

20  **Baker's counsel** (as a courtesy in response to his request)!  Baker's statement to

21  this Court is irrelevant and misleading.

22       **Irrelevant Matter**. Baker's Opposition (and Cross Complaint) is replete with

23  irrelevant matter: "Murtagh's counsel's unsolicited gloating" (Opp. 1:5-9); date on

24  which a document was sent to counsel (Opp. 1:10-16); date and contents of letter

25  to attorney for Debtor's domestic partner's (Opp. 1:17-23); "refusal" to provide a

26  "filed copy" (especially absent facts showing relevance, existence or possession

27  of a "filed" as opposed to "ordinary" copy and absent any duty to provide it) (Opp.

28  1:24-27.)

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

# III.  ARGUMENT

## A.    APPLICABLE LEGAL STANDARDS.

1.    **Facial Plausibility**. Baker does not dispute that, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility exists if the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."*Id*.

2.    **Non-Speculative**. "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555-556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").[6]

## B.    BAKER ALLEGED *NO VIOLATION* OF THE STAY.

1.    **Baker Simply Failed to Allege Any Act Which Fit Within § 362(a).**
Baker suggested 3 ways that Cross Defendants violated the stay, under § 362(a) (Opp. 8:16-22).

First, Baker suggests that there was "commencement or continuation . . . of an action or proceeding against the debtor" – but Baker cites no "action or proceeding;" Baker simply alleges an internal "case" number without even alleging that any *investigation* was even opened let alone any action or proceeding.

Second, Baker suggests that there was an "act to obtain possession of [or control over] property of the estate" - but Baker fails to identify any such property

---

[6]    **Baker's Citations**. Baker: (a) ignores *Twombly* and *Iqbal*; and (b) sets forth standards for a 12(b)(6) motion based on cases which predate *Twombly* and *Iqbal*.

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

1  and Baker fails to identify *how* Cross Complainants could possibly have acquired

2  any of the Estate's property.

3      Finally, Baker suggests that there is an "act to collect, assess, or recover a

4  claim" – but Baker fails to identify any such act or claim, and Baker fails to identify

5  *how* Cross Complainants *could have* collected anything by reporting to a

6  regulator.  Baker points out that license revocation proceedings are subject to the

7  stay (Opp. 9:1-4) – but again, Baker does not allege any such license revocation

8  proceeding; as a matter of law, private citizens such as Cross Defendants cannot

9  prosecute a license revocation proceeding.

10      **2.      Unfair Leverage Alone Does Not State a Claim.** Baker tries to

11  justify his claim by arguing that a communication with a regulator constitutes

12  "unfair leverage" over a debtor (Opp. 11:7-9). However, § 362(a) does not prohibit

13  all pressure on a debtor. *Aiello v. Providian Fin. Corp.*, 239 F.3d 876 (7th Cir. Ill.

14  2001) (the "protection [provided by the automatic stay], however, is financial in

15  character; it is not protection of peace of mind"). Again, Baker's analysis simply

16  fails to fit his claim within § 362(a).

17      **3.      Baker Misstates His Own Allegations.**  Baker's actual allegation is

18  that there was a communication (or "complaint") to a regulator on September **18**,

19  2015 and that "MURTAGH's complaint was filed by his cyber expert

20  **ANDERSON**." (¶ 34; bold added). Baker now mischaracterizes that allegation to

21  this Court, stating that (Opp. 2:2-3):

22      "[t]he BSIS also confirmed that there was a post-petition Complaint **filed by
        Murtagh and his counsel on September 29, 2015**, which was still
23      pending. (Cross-Complaint ¶34 , fn. 4.)"

24      Thus, Baker: (a) misstates the date; and (b) misstates the communicator (in

25  that he *alleges* that *Anderson* made the communication but in his Opposition, he

26  attributes the communication to "*Murtagh and his counsel.*"[7]

27

28

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

[7]    **Further Misstatements**. Baker mischaracterized Anderson's communication as
a "complaint" which was "filed."
    **"Complaint."** Baker's own Cross Complaint makes clear that Anderson's act

7

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

## C.    BAKER IS WRONG ON THE LAW AS TO CITIZEN COMPLAINTS.

**1.    Baker Defaulted as to Dr. Murtagh's Analysis of the Law.** Baker completely **ignored** Dr. Murtagh's main authorities which show that the communications did not violate the stay – including *Gruntz v. Los Angeles,* 202 F.3d 1074 (9th Cir. Cal. 2000) and at least five subsequent in-Circuit cases applying *Gruntz*'s rejection of a fact-based test. In fact, Dr. Murtagh even listed these cases (Mot. at n. 6) as his key authority - and yet Baker still ignored each of them!

**2.    Wrong as to Ninth Circuit Test.** Baker cites a 1987 case (which in turn cites a 1981 case) (Opp. 11:17-23) which refers to the "pecuniary purpose" test in the Ninth Circuit - but ignores the sea change in the law on this subject by *Gruntz* in the year 2000.[8]

**3.    Exception Applies Here.** Citing 11 U.S.C. § 362(b)(4), Baker's own citation shows that the statutory exception applies here to "any action brought before a governmental regulatory agency to enforce its police or regulatory powers." *McMullen v. Sevigny*, 386 F.3d 320, 324 (1st Cir. Mass. 2004) (stay did not apply to action on a real estate license).  *In re Hobson*, 2001 Bankr. LEXIS

---

involved a communication and not a **"complaint"** as litigators use that word, i.e., a pleading which commences a legal proceeding. Baker's use of the word "complaint" is misleading given that "complaint" is a term of art for litigators and improperly suggests that there was litigation activity when there was simply a communication.

**"Filed."** Baker misleads when he refers to a communication with a regulator as being **"filed"** especially because Baker did not allege any legal proceeding in which a document could be "filed;" this Court can take judicial notice that one sends communications to regulator and does not "file" them.

[8/]    **Gruntz**. According to *Bender Indus. Grp., Inc. v. Herbert*, 2015 Bankr. LEXIS 1115, 7-8 (Bankr. D. Or. Apr. 3, 2015):

"Prior to Gruntz, a criminal proceeding could fall outside the scope of § 362(b)(1) if the principal aim of the proceeding was to collect a financial obligation. Hucke v. State of Oregon, 992 F.2d 950, 953 (9th Cir. 1993). In Gruntz, the Court of Appeals overruled Hucke and held that § 362(b)(1) applies to all criminal proceedings whether or not there is a financial element. 202 F.3d at 1085-1086."

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

2301 (Bankr. W.D. Tenn. Oct. 10, 2001):

> "'Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.' S. Rep. No. 95-989, at 52 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5838."

In fact, the *McMullen* Court referred to many cases which held that disciplinary proceedings did not violate the stay. *Thomassen v. DMQA*, 15 B.R. 907, 909 (BAP 9th Cir. 1981) (medical license); *Friedman v. Shapiro*, 185 B.R. 143, 145 (S.D.N.Y. 1995) (law license); *In re Fitch*, 123 B.R. 61, 63 (Bankr. D. Idaho 1991)  (insurance license); *Christmas v. Md. Racing Comm'n.*, 102 B.R. 447, 450-61 (Bankr. D. Md. 1989) (horse trainer's license); *Beker Indus. Corp. v. Fla. Land and Water Adjudicatory Comm'n.*, 57 B.R. 611, 631 (Bankr. S.D.N.Y. 1986) (license to transport);  *In re Sam Daily Realty, Inc.*, 57 B.R. 83, 85-86 (Bankr. D. Haw. 1985) (realtor's license).

*See also, Cournoyer v. Lincoln*, 53 B.R. 478 (D.R.I. 1985) ("it is clear that Congress meant to exempt from the stay governmental acts necessary to end a continuing violation of valid regulatory laws, cf. Matter of National Hospital & Institutional Builders, 658 F.2d 39 (2d Cir. 1981) -- even where the estate is forced to cede possession of some of its property").

**4.    Baker's Bald Conclusion.** Baker did offer a bald conclusion that "many cases concerning reports of crimes to law enforcement, criminal prosecutions, and acts of prosecutors do not apply herein" (Opp. 11:11-12) – but Baker offered no explanation of or support for his conclusion!

**5.    Baker's Inapplicable Authorities.** Baker offered some older cases which suggest that one cannot make ***any*** post-petition complaint to a government authority about a Debtor - but those cases: (1) do not actually state what Baker claims (as explained in detail below); and (2) those cases are distinguishable in two basic ways.

///

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

9

1            a.    ***None of Baker's cases involved continuing and/or post-***

2  ***petition, crimes*** - which exists here. According to Baker's misinterpretation of

3  existing law, a debtor who continued to embezzle money after filing bankruptcy

4  could actually sue the victim and recover damages, attorneys' fees and punitive

5  damages simply if the victim communicated with the police or prosecutor; Baker's

6  notion is nothing less than absurd.

7            b.    Baker's cases are ***outside this Circuit***. *Gruntz* prevails here,

8  as enforced by at least five subsequent in-Circuit cases cited by Dr. Murtagh,

9  namely: *Cavanagh v. Dir., Ventura County Prob.*, 2012 U.S. Dist. LEXIS 98383

10  (C.D. Cal. July 12, 2012); *In re Nash*, 464 B.R. 874, 884-885 (9th Cir. BAP 2012);

11  *Bender Indus. Grp., Inc. v. Herbert (In re Herbert)*, 2015 Bankr. LEXIS 1115, *7

12  (Bankr. D. Or. Apr. 3, 2015); *In re Hartung*, 258 B.R. 210 (Bankr. D. Mont. 2000);

13  and *In re Wiard*, 2013 Bankr. LEXIS 3313 (Bankr. D. Mont. Aug. 9, 2013).

14          **6.**    ***McMullen* Does Not Help Baker.**  Baker cites ***McMullen*** in some

15  detail (Opp.11:24-12:12) but Baker ignored that the *McMullen* Court, 386 F.2d at

16  328, identified the:

17          "emergent rule that 'bankruptcy courts should not inquire into the
        'legitimacy' of ongoing administrative enforcement proceedings in
18          determining whether the police power exception applies to them."

19

20      Baker writes that "*McMullen* also cites the holding in *In re Byrd*, 256 B.R.

21  246 (Bankr. E.D.N.C.2000)" (Opp. 12:6) – but Baker does *not disclose* the

22  *McMullen* Court's holdings that: (a) "Byrd is readily distinguishable" and was

23  "mere dicta," 386 F.2d at 327; and (b) "*Byrd* does not support the McMullen

24  contention that postpetition proceedings initiated by a private party are outside the

25  subsection 362(b)(4) exception to the automatic stay," 386 F.3d at 327-328.

26

27  **D.**    **BAKER DEFAULTED ON CROSS DEFENDANTS' OTHER POINTS.**

28          **1.**    **First Amendment Concerns.**  The first amendment to the U.S.

    Constitution protects free speech, including communications to regulators.

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

10

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

Therefore, there are constitutional implications to Baker's overly expansive view of the reach of the automatic stay.

**2.    Duty to Report Crime.**  Baker did address (Opp. 9:20-25; 10:25-11:2) Dr. Murtagh's point that the two communications simply fulfilled the duty to report crime. (Mot. 3:1-4:12.)  However, after multiple readings, Baker's point is unintelligible (Opp. 11:10-12:19), so no further response can be offered.

## E.    BAKER IS ESTOPPED FROM ASSERTING THAT HIS LICENSE WAS AN ASSET OF THE ESTATE.

Baker "has an affirmative obligation to disclose all assets to the bankruptcy court." *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp.2d 233, 259 (S.D.N.Y. 2014). Baker did ***not*** disclose his private investigator license as an asset of the estate. See Docket no. 4, Sch. B - Personal Property, at page 5 at line 24 - marking "none" as to "licenses."

Baker cannot now take a contrary position. *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. Pa. 1996) ("judicial estoppel is intended to prevent parties from playing fast and loose with the courts by asserting inconsistent positions"); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. Miss. 2005) ("[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset). Moreover, "undisclosed assets automatically remain property of the estate after the case is closed." *Leible v. Material Control Inc.*, 2015 U.S. Dist. LEXIS 125050 (W.D.N.Y. Sept. 18, 2015). Baker has not explained how he has standing if he no longer owns the license by operation of law, or what possible damages he could sustain to that license.

///

///

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

11

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

## F.    CROSS-DEFENDANTS ROSEN & ASSOCIATES, P.C. ("R&A"), ROSEN, HIRAIDE AND BLEISTEIN ARE *NOT PROPER PARTIES*.

**1.    Baker Relies on Boilerplate Agency Allegations.** Baker does not cite to any factual allegations about these Cross Defendants. Instead, Baker argues that he properly sued these Cross Defendants (Opp. 14:18-23) solely because he alleged that they were each agents of one another (¶14),[9] and because that he alleged that the violative "act" was performed by "Cross Defendants" (¶36).[10]

**2.    Baker's Allegations Against the Attorney Defendants Fail As A Matter of Law.** To the extent that Baker's Cross-Complaint alleges that R&A, Rosen, Wallace, Hiraide and Bleistein (the "Attorney Cross-Defendants") were agents of, conspired with, or aided and abetted Plaintiff to violate the automatic stay, his claims are simply *not legally cognizable* and must be dismissed. When an attorney is acting in his official capacity, he or **she is immune from conspiracy liability under agency theory**. *Raceway Properties, LLC v. LSOF Carlsbad Land L.P.,* 157 Fed.Appx. 959, 964 (9th Cir. 2005), citing *Pavicich v. Santucci*, 85 Cal.App.4th 382 (2000) (holding that an attorney acts as the client's agent and is not personally bound by the duty that the client's wrongdoing violated). A conspiracy cause of action cannot lie unless the attorney (1) acts for his individual advantage; or (2) violates an independent legal duty to

[9]    **Baker's Par. 14:** "BAKER is informed and believes, and on such information and belief alleges, that at all times herein mentioned, Cross-Respondents, and each of them, were and are the principal, authorized agent, employee, co-conspirator, partner, joint venturer, and/or alter ego each of their co-Cross-Respondents and in doing the things herein mentioned, were acting within the purpose and scope of such principal-agency relationship, employment, conspiracy, partnership, or joint venture, or as alter ego, and that all of the acts alleged herein have been done by each Cross-Respondent, and were authorized, approved and/or ratified by each of them."

[10]    **Baker's Par. 36:** "Therefore, upon information and belief, despite being advised of the application and implication of the automatic stay, on September 18, 2015, Cross-Respondents, and each of them, deliberately and willfully violated the automatic stay, to the detriment of BAKER, his estate, and his creditors by filing the complaint against BAKER to the BSIS."

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

12

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

the plaintiff. Doctors' Co. v. Superior Ct., 49 Cal.3d 39 (1989). The California

Legislature codified this doctrine at California Civil Code § 1714.10(c): "This

section shall not apply to a cause of action against an attorney for a civil

conspiracy with his or her client, where (1) the attorney has an independent legal

duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a

professional duty to serve the client and involve a conspiracy to violate a legal

duty in furtherance of the attorney's financial gain."  The California Court of

Appeal has interpreted this "financial gain" language to mean a "gain that is over

and above ordinary professional fees earned as compensation for performance of

the agency." *Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 131 Cal. App.

4th 802, 834 (2005).

Here, Baker has not alleged any "independent legal duty" that the Attorney

Cross-Defendants owed to him. Nor has Baker properly alleged that any of the

Attorney Cross-Defendants" acted for their own personal financial gain.

In addition, California Civil Code § 1714.10[11] is a "gatekeeper" statute

which requires a plaintiff to *obtain a court order prior to filing* any claim premised

upon an attorney's conspiracy with a client. See *Lautner v. Anoufrieva*, 642

F.Supp.2d 1060, 1097 (2009). Failure to seek such an order is a complete

defense to the filing of any action for civil conspiracy, and may form the basis of a

motion to strike. *Id.;* § 1714.10(b).  Plaintiff's allegations (paras. 14, 36) fall

squarely within the coverage of this provision, and Baker failed to obtain a court

order prior to filing his Cross-Complaint. Thus, Baker's Cross-Complaint against

the Attorney Defendants should be dismissed**.**

**3.     Boilerplate Agency Allegations Are Insufficient.**  Baker "may not

---

[11]/     "No cause of action against an attorney for a civil conspiracy with his or her
client arising from any attempt to contest or compromise a claim or dispute, and which
is based upon the attorney's representation of the client, shall be included in a
complaint or other pleading *unless the court enters an order allowing the pleading that
includes the claim for civil conspiracy to be filed after the court determines that the
party seeking to file the pleading has established that there is a reasonable probability
that the party will prevail in the action.*" § 1714.10(a) (emphasis added).

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

13

1  rest on legal conclusions regarding agency that are cast as factual allegations," *In*

2  *re Toyota Motor Corp.*, 785 F. Supp. 2d 883 (C.D. Cal. 2011) (citing *Ashcroft v.*

3  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).[12]

4  　　　　After all, Baker must plead "more than labels and conclusions, and a

5  formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

6  *Twombly*, 550 U.S. 544, 555-556 (2007).  And on a motion to dismiss, Courts "are

7  not bound to accept as true a legal conclusion couched as a factual allegation."

8  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Baker offers no contrary authority

9  (specifically, Baker does not offer authority that Baker's boilerplate allegation *is*

10 sufficient), so he cannot justify keeping these Cross Defendants in his Cross

11 Complaint.

12 　　　　**4.　　Baker's Agency Allegations are Implausible.** The Court can

13 properly take judicial notice from the pleadings that Robert Rosen, Esq., Lisa

14 Hiraide, Esq., and David Bleistein, Esq., are attorneys associated with Rosen &

15 Associates, P.C.  Baker alleges that attorney Wallace and consultant Anderson

16 acted *on behalf of Dr. Murtagh - not* on behalf of Wallace's colleagues. Baker's

17 agency allegation is simply not consistent with the concept of agency. The

18 principal here was Dr. Murtagh - not Rosen or Hiraide or Bleistein. Therefore,

19 Baker's agency allegation fails the facial plausibility standard cited above.

20 ///

21 ───────────────────────────────

22 [12]　　**Boilerplate Agency Allegations**. See also, *Eldorado Stone, LLC v.*
   *Renaissance Stone, Inc.*, 2005 U.S. Dist. LEXIS 45238, *24 (S.D. Cal. May 26, 2005)

23 ("boilerplate agency allegations are insufficient to provide adequate notice"); *Soares v.*
   *ReconTrust Co., N.A.*, 2012 U.S. Dist. LEXIS 73383, *--- (N.D. Cal. May 25, 2012)

24 ("[a]pplying a cause of action to a party who is not expressly identified would deprive
   the party of the notice to which it is entitled under Rule 8. Accordingly, to the extent

25 that Soares's claim for breach of fiduciary duties is directed at any defendant other
   than Mortgage Broker Associates — the only party named in that cause of action —

26 the claim is DISMISSED"); *Falahati v. Kondo*, 127 Cal.App.4th 823, 829 (Cal. App. 2d

27 Dist. 2005) (boilerplate agency "these allegations do not result in the complaint stating
   a cause of action against [a person] because he is nowhere mentioned in the body of

28 the complaint").

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

1

## G.    BAKER ALLEGES NO POST-PETITION ACT BY WALLACE.

2    1.    **Bald Speculation**. Baker's sole attempt to justify naming Wallace is

3    thoroughly confused and fails to state a claim against Wallace.  Baker himself

4    alleges that Wallace's sole alleged violation was prepetition! Opp. 2:6-10

5    (admitting that first communication was pre-petition) and ¶ 34 and n.4 (the only

6    actionable act was the second communication and it was by Anderson). Baker

7    offers speculation, argument and insults, but not facts about any post-petition

8    communication by Wallace. For instance, Baker blames Wallace for not engaging

9    in counsel's quixotic concerns, and Baker implies that the Cross Complaint was

10    filed because Baker's counsel felt ignored. (Opp. 15:4-12.)

11    2.    **No Facts Rebut the Explanation as to Inconsistent Dates**.  Baker

12    also alleged that Wallace actually explained (*before* Baker's Cross Complaint was

13    filed) why there were two widely different dates on Wallace's Communication,

14    namely that Wallace frequently uses an "automatic update" computer command

15    for dates – so that the document reflected a date on which the document was sent

16    to Baker's counsel (at his request) rather than the original date on which the

17    document was signed and sent to BSIS.  Baker offered no reason to reject

18    Wallace's explanation. ¶32.[13]

19    ///

20    ///

21    ///

22

23

---

24    [13/]    Baker seems to expect this Court to: (a) simply *disregard Baker's own
allegation* - as to the *actual date* which prompted the opening of a "Case" by BSIS; and

25    (b) instead, focus exclusively on a fictitious or accidental second date on a *copy* of
Wallace's communication.

26        Baker also seems to expect this Court to: (a) dispense with *common sense* –

27    that the same document was not sent on two widely different dates one year apart;
and (b) instead, allow Baker to proceed *with his incoherent theory which Baker has not*

28    *shown to be even plausible under Iqbal*.

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

1  ## H.    PARTS OF THE CROSS COMPLAINT SHOULD BE STRICKEN.

2      The Motion to Strike need be addressed only if the Motions to Dismiss are

3  denied.[14]

4      **Punitive Damages**. Baker's first tries to duck the issue by arguing  that an

5  item in a "Prayer" cannot be stricken (Opp. 17:13-15), but unless Baker agrees

6  not to seek punitive damages, his academic-seeming references to punitive

7  damages in the body of his Cross Complainant imply that he *is* seeking punitive

8  damages (¶¶31, 41; Prayer ¶3) - so the issue should be addressed. More

9  substantively, the statute provides that punitive damages are only available "in

10  appropriate circumstances," i.e., where there is more than "wilfull" conduct. Here,

11  there is every reason to apply California's Civil Code § 3294. *Emmerson v. Regis*,

12  2011 Bankr. LEXIS 1487 (B.A.P. 9th Cir. Mar. 25, 2011) (applying § 3294 in an

13  adversary proceeding). Under California law, punitive damages are only allowed

14  "where it is proven by clear and convincing evidence that the defendant has been

15  guilty of oppression, fraud, or malice." § 3294(a).

16      Baker's extensive discussion of the first communication should be stricken

17  because it is irrelevant and misleading in that Baker *admitted* that his Cross

18  Complaint is only based on the second communication. ¶34, n.4 ("[t]his latter filing

19  must be the "live" complaint on which any action for violation of the stay is to be

20  based").

21  ///

22  ///

23  ///

24  ///

25

26  [14]    **Each Cross Defendant Moves to Strike**. Baker argues that only Dr. Murtagh

27  moved to strike allegations (Opp. at n.11) – but Baker contradicted himself (Opp. 9:18-
19; "[a]s the motion filed by Rosen, Bleistein, and Hiraide incorporates the entirety of

28  Murtagh's motion . . .").

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1000

16

**REPLY RE MOTION TO DISMISS ETC. CROSS COMPLAINT**

1

# IV. CONCLUSION

2      Respectfully, for the above reasons, the requested relief should be

3  granted.[15]

4  Dated: May 3, 2016                    Respectfully submitted,

5                                        **ROSEN & ASSOCIATES, P. C.**

6

7                                        By: /s/David Bleistein_____
                                             David Bleistein
8                                            John B. Wallace
                                             Lisa Hiraide
9                                            Attorneys for Plaintiff **JAMES
                                             MURTAGH, M.D.**; and Cross
10                                           Defendants **JAMES MURTAGH,
                                             M.D.**; **ROSEN & ASSOCIATES,
11                                           P.C.; ROBERT C. ROSEN; JOHN
                                             B. WALLACE; LISA HIRAIDE;**
12                                           and **DAVID BLEISTEIN**

13

14   N:\MURTAGH, JAMES - 1493-02\1. MURTAGH V. BAKER - 02\BAKER-OMSJ BANKRUPTCY FILINGS\COURT\MOTION TO DISMISS OR ALTERNATELY TO STRIKE

     CROSS COMPLAINT\REPLY\REPLY 05 02 2016 (v.2).wpd

15

16

17

18

19

20

21

22
_____

23   15/    **Relief From Stay**.  Finally, even if the Court finds that the Cross Complaint
     makes out a sufficient claim for a violation of the stay, the Court has the authority to
24   annul the stay to permit Dr. Murtagh's complaints to regulators about Baker's crimes
     and "dishonesty or fraud" (which is grounds for disciplining private investigators). *Goff*
25   *v. Oklahoma*, 159 B.R. 33, 41 (Bankr. N.D. Okla. 1993):

26        "Even an act in violation of stay which would be "ordinarily… void," In re Calder,
          supra, can be validated by annulment of the stay, In re Pinetree, Ltd., 876 F.2d
27        34, 37-38 (5th Circ. 1989); Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421,
          1425 (9th Circ. 1985); In re Albany Partners, Ltd., 749 F.2d 670, 674-676 (11th
28        Circ. 1984)."

ROSEN & ASSOCIATES, P.C.
Law Offices
444 S. Flower St.
Suite 3010
Los Angeles, CA 90071
(213) 362-1090

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

444 South Flower Street, Suite 3010, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): CROSS DEFENDANTS' REPLY MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS CROSS COMPLAINT [FRCP 8:12(b)(6)] OR ALTERNATIVELY, FOR MORE DEFINITE STATEMENT [FRCP 12(e)] AND TO STRIKE PORTIONS OF CROSS COMPLAINT [FRCP 12(f)]; MEMORANDUM OF POINTS AND AUTHORTIES
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/03/2016_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David P Bleistein dbleistein@rosen-law.com, robertrosen@rosen-law.com, johnwallace@rosen-law.com, lhiraide@rosenlaw.com, mail@rosen-law.com, jim@rosen-law.com
Baruch C Cohen bcc4929@gmail.com
Michael I Gottfried mgottfried@lgbfirm.com, kalandy@lgbfirm.com; cboyias@lgbfirm.com; rspahnn@lgbfirm.com;

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/03/2016_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sherri Bluebond, 255 E. Temple Street, Courtroom 1475, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/03/2016 | David Bleistein | /s/David Bleistein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.