# Exhibit "51"

Exhibit "51"

Hi Dr. Murtagh,

I thought you should know that this came into our marketing department over the weekend.
Take care,

Julie

**From:** Everett Fitch
**Sent:** Monday, June 30, 2014 9:18 AM
**To:** Jared DeMann; Julie Berg; Tami Reynolds; Travis Wilkes; Katie Powers; Dan DeWitt; Aaron Littlefield;
Emily McLaughlin; Hailee Knight; Sara Hyatt
**Cc:** Bryan Chouinard
**Subject:** FW: Ask a Question from Gmedical.com
**Importance:** High

Hey everyone –

I got this message on one of our website forms over the weekend. It's about a physician we've been in
contact with so I'd definitely take the below comment into consideration.

Thanks!

Everett

**From:** donotreply@gmedical.com [mailto:donotreply@gmedical.com]
**Sent:** Sunday, June 29, 2014 12:16 PM
**To:** Everett Fitch; roger@thefatcouch.com
**Subject:** Ask a Question from Gmedical.com

| | |
|---|---|
| first name: | James |
| last name: | Murtagh |
| email: | drm@nym.hush.com |
| country: | United States |
| specialty: | |
| question: | FYI - James John Murtagh MD is a Georgia physician who shakes down hospitals and clinics throughout the United States. Shortly after he finds an employer, he causes a problem and sues hoping to get a $10,000 - $200K settlement. He records all telephone conversations and uses them to sue recruiting companies and recruiters. He may try to find jobs through your agency. For more information about his behavior and court cases, visit www.jamesmurtaghmd.com. |

To be removed from all future mailings and/or faxes please either reply with "Unsubscribe" in the subject line or call me toll-free at 1-800-760-3174 and I will
remove you from our email list within two business days.

Exhibit "51"
Page 1

# EXHIBIT 275

# DECLARATION OF JIM PICKRELL

I, JIM PICKRELL, do hereby make the following sworn declaration. All matters contained herein are of my own personal knowledge unless stated as based upon information and belief.

1. I received a BS degree in Physics from the University of Washington in 1983 and a Masters from UCLA in 1990 from the Film Department. I have been teaching computer courses at Los Angeles City College since 2009 and have taught computer courses at UCLA Extension for two years.

2. My training and expertise regarding computer email comes from operating email servers in a commercial environment for more than 20 years. In addition to my teaching positions, I am the owner of the Internet service provider (ISP) BrandX and manage email servers and accounts for clients throughout the United States. For these reasons, I am entirely familiar with the way emails are created, sent, received, opened, and manipulated on personal computers.

3. On 14 April 2015, I received a call from private investigator Clark Baker. Mr. Baker said that he is the subject of a lawsuit filed by James Murtagh MD, who accused Baker of evidence tampering with regard to a series of emails Baker received from Dr. Murtagh's email account JMURTAG@MINDSPRING.COM. Baker provided me with access to his private Hushmail account and directed me to a folder called MURTAGH, which contained twenty-nine (29) emails dated between June 23, 2014 and January 14, 2015. Original copies of those emails still reside on the Hushmail servers today and cannot be tampered or altered in any way by Baker. I compared those unalterable emails residing on the Hushmail servers to those copied, pasted, and submitted to the Court by Baker, who appears to have copied and pasted both HTML and plain text versions and source code into separate Word documents before saving them as EXHIBIT 1 in a single Portable Document Format (PDF). These are are the exhibits that Dr. Murtagh now accuses Baker of "evidence tampering".

4. Based upon my examination of the exhibits, it's clear that the disparities between Dr. Murtagh's exhibits and Baker's exhibits can be largely attributed to differences

between Murtagh's email client, which presents Murtagh's emails in HyperText
Markup Language (HTML), and Baker's Hushmail account, which provides options
for viewing received email in HTML and PLAIN TEXT, and allows users to show or
hide details as they examine each email.

5. The documents in EXHIBIT 191 and EXHIBIT 192 appear to be the same emails,
displayed in two different formats. The HTML versions in #191 have nice
formatting, but do not show the headers. The TEXT versions in #192 have no
formatting and are plain text, but do show the headers, which reveal the source of the
emails. The two versions are essentially two ways of looking at the same documents.
I have also reviewed the original versions in Mr. Baker's private Hushmail account.
These appear to be the same. Viewing email in text mode does not imply that the
documents have been altered but are simply different ways of looking at the same
document. As the operator of Brand X Internet, a local internet service provider in
Santa Monica, CA, I have operated mail servers for more than twenty years. I am an
expert on this subject. We often look at text version of email and use the header
information to track the source of emails, either to diagnose problems, or to find and
block sources of spam. The ability to view an email in text mode is a capability of
most mail programs, and headers can be viewed usually by clicking on a button
labelled "view headers".

6. Mr. Baker's choice to present emails in both HTML and plain text is favorable to
HTML because, while HTML conceals code and information, plain text offers a
clearer view of when, where, and how the email was generated before arriving at its
destination. In this way, Baker's EXHIBIT 1 presents a clearer picture of the
evidence than Dr. Murtagh. This does not suggest that Murtagh's exhibits differ
much from Mr. Baker's. Both present essentially the same emails in two different
languages – Baker's representation is more complete.

7. With regard to Dr Murtagh's claim that Baker altered the names of recipients,
PLAINTIFF'S C-1, Baker did not remove the "To" line to conceal the identity of the
recipient. A careful examination of the accompanying source code in Baker's

2

James Murtagh MD v. Clark Baker

exhibits reveals the identity of the recipients not visible in the top line. In some of Murtagh's emails, Murtagh blind-copied (BCC) numerous recipients who do not appear in Baker's exhibit. This is not due to evidence tampering, but because blind-copied emails are designed not report blind-copied recipients by design. After my careful review of the contested emails, I found no evidence that Mr. Baker made any attempt to tamper with the contested emails.

8.  The HTML and plain text versions submitted by Mr. Baker provide more information than those presented by Dr. Murtagh. Based upon my examination of the evidence, it is my expert opinion that Dr. Murtagh's claims about evidence tampering with regard to these emails is exaggerated and entirely without merit.

9.  I also examined the Murtagh EX 51, which Dr. Murtagh claims is an email from email account DRM@NYM.HUSH.COM. Based upon my examination of this email, there is no evidence that Baker or anyone else generated that email from a Hushmail account. EX. 51 is a server-generated email, which is automatically generated by a web server when someone completes a script on a website. In this case, the website WWW.GMEDICAL.COM offers no email addresses where the public can contact officials by email or by completing a form. In Murtagh EX. 51, an unknown visitor appears to have typed the name "James Murtagh" and the email address DRM@NYM.HUSH.COM, but there is nothing in EX. 51 that establishes the identity of the visitor who posted this message with any degree of certainty.


I, JIM PICKRELL, do hereby swear under penalty of perjury under the laws of the United States and California that the foregoing, consisting of THREE of THREE PAGES are true and correct and that the ONE exhibit are true and correct copies of the originals

Executed this 29th day of APRIL 2015, in SANTA MONICA, CALIFORNIA.


JIM PICKRELL

DECLARATION OF JIM PICKRELL

James Murtagh MD v. Clark Baker

3

EXHIBIT  458

MAIL DISTRIBUTION
FILE NAME & NO. Murtagh
___ RCR ___ JP ___ STAFF
___ GW ___ LH ___ LF ___ MR
___ KA ___ SR ___ JIM ___ NE
___ DB ___ OTHER ___ MJR 5/12/15
MAIL RCVD DATE - VIA:

1    **LAW OFFICES OF ETAN Z. LORANT**
     Etan Z. Lorant, Esq.  (SBN 102280)
2    5850 Canoga Ave, Suite 400
     Woodland Hills, California 91367
     Tel.: (818) 990-3990; Fax: (818) 990-5812
3    e-mail: esq8ton@gmail.com

4    **WEITZ MORGAN PLLC**
     Mark A. Weitz, Esq. (Pro Hac Vice)
5    100 Congress Avenue, Suite 2000
     Austin, Texas 78701
6    Tel: (512) 394-8950; Fax: (512) 852-4446
     email: mweitz@weitzmorgan.com
7

8    Attorneys for Defendant, Clark Baker

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

12    JAMES MURTAGH, M.D., an individual,     CASE NO.: BC527716
                                         (Assigned to Hon. Michael P. Linfield, Dept.
13         Plaintiff,                          34)

14       v.                                    **DEFENDANT, CLARK BAKER'S**
                                         **RESPONSE TO PLAINTIFF'S**
15    CLARK BAKER, an individual; OFFICE     **REQUESTS FOR ADMISSIONS (SET**
     OF MEDICAL & SCIENTIFIC JUSTICE,     **TWO) TO DEFENDANT CLARK**
16    INC., a California corporation; DOES 1-10.     **BAKER**

17

18         Defendants.

19

20

21

22

23    **PROPOUNDING PARTY:**       **Plaintiff JAMES MURTAGH, M.D.**

     **RESPONDING PARTY:**        **Defendant CLARK BAKER**
24

25    **SET NO.:**                         **Two**

26

27

28

DEF. RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (SET TWO)
Exh. 458, pg. 1

## GENERAL DENIAL

Defendant has not completed his investigation of the facts relating to this case, nor has he completed his discovery or preparation for trial.   These responses are made on the basis of information and documents presently available to Defendant. There may be other information and documents of which Defendant is unaware.   Defendant, therefore, reserves his right to offer and rely at trial on subsequent information or documents, or on information omitted from these responses as a result of any good faith oversight, error, or mistake.

These responses are made solely for the purposes of this action. Defendant reserves the right to object to the use of any response in any other action. By providing information in response to any request, Defendant does not intend to authorize the use of any such information in any action besides the one at bar, nor does he waive any right he may have to object to further use of the information and documents provided in this action or any action and, thus, reserves any and all rights he may have to object to such further use.

No incidental or implied admissions are intended by these responses. The fact that Defendant has responded or objected to any request and/or interrogatory, or part thereof, is not intended as an admission that Defendant accepts or omits the existence of any facts set forth or assumed by such request and/or interrogatory, or that such response or objection constitutes admissible evidence. The fact that

Defendant has provided a response to a part of or any request and/or interrogatory is not intended as a waiver by Defendant of any other objection to all or part of that request and/or interrogatory or any other request and/or interrogatory.

DEF. RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (SET TWO)

## GENERAL OBJECTIONS

To the extent that any interrogatory or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work-product doctrine, the attorney-client privilege, or any other privilege, Defendant hereby objects to each and every such request and/or interrogatory, or part thereof, and will not supply or render information, or anything else protected from discovery by virtue by such doctrine or privilege.

Defendant objects to any request and/or interrogatory or part thereof which purports to require her to conduct an investigation beyond her records, agents, employees, and representatives to obtain information, as unduly burdensome and oppressive.

Defendant objects to each and every request and/or interrogatory to the extent that Plaintiff seeks information, which is privileged, constitutes work-product, or is otherwise immune from discovery.   The inadvertent production of any information or document that is privileged, which was prepared in anticipation of litigation, or for trial, which otherwise constitutes attorney-work product, or which is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such information or such documents or any other document, of the subject matter thereof, or the information contained therein, or of Defendant's right to object to the use of any such information or document or the information contained therein.

These general objections are incorporated by reference into each and every response provided by Defendant.

3

1

## RESPONSES TO REQUESTS FOR ADMISSIONS

2

3  **REQUEST FOR ADMISSION NO. 115.:** Admit that YOU sent at least one email from

4  drm@nym.hush.com.

5        RESPONSE TO REQ. FOR ADMISSION NO. 115: Deny

6

7  **REQUEST FOR ADMISSION NO. 116.:** Admit that on June 28, 2014, YOU sent an email from

8  drm@nym.hushmail.com to GMedical, a medical recruitment agency.

9        RESPONSE TO REQ. FOR ADMISSION NO. 116: Deny

10

11

12  **REQUEST FOR ADMISSION NO. 117.:** Admit that YOU set up an email account

13  "murtaghinfo@nym.hush.com".

14        RESPONSE TO REQ. FOR ADMISSION NO. 117: Admit.

15

16  **REQUEST FOR ADMISSION NO. 118.:** Admit that YOU remotely took control of Plaintiff's

17  computer on Saturday, January 3, 2015.

18        RESPONSE TO REQ. FOR ADMISSION NO. 118: Deny

19

20

21  **REQUEST FOR ADMISSION NO. 119.:** Admit that YOU hacked into Plaintiff's icloud account

22  on at least one occasion.

23        RESPONSE TO REQ. FOR ADMISSION NO. 119:   Deny

24

25  **REQUEST FOR ADMISSION NO. 120.:** Admit that YOU hacked into Plaintiff's email account

26  on at least one occasion.

27        RESPONSE TO REQ. FOR ADMISSION NO. 120: Deny

28

4

1    **REQUEST FOR ADMISSION NO. 142.:** Admit that on August 4, 2014 YOU sent a text message

2    to Plaintiff, which stated: "Where are you? Not sure you are in Maine or Jackson. Call me when you

3    have a chance or let me know where you are. O X"

4

5         RESPONSE TO REQ. FOR ADMISSION NO. 142: Deny

6

7

8    DATED: March 9, 2015                    LAW OFFICES OF ETAN Z. LORANT

9

10

11

12         By _____

13         Etan Z. Lorant

14         Attorneys for Defendant Clark Baker

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9
DEF. RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (SET TWO)

## Verification

**State of California, County of Los Angeles**

I have read the foregoing Defendant, Clark Baker's Response to Plaintiff's Requests for Admissions (set two) _____ and know its contents.

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am, ☐ an officer ☐ a partner ☐ a _____ of _____

_____,

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

A party to this action, such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___03/09/2015___ at ___Woodland Hills, CA___,
State of California.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

___Clark Baker___

Print Name

_____

Signature

EXHIBIT 479

1           UNITED STATES DISTRICT COURT
2           CENTRAL DISTRICT OF CALIFORNIA
3              LOS ANGELES DIVISION
4    _____
                                     )
5    In re                           )
                                     )
6    OFFICE OF MEDICAL &             )
     SCIENTIFIC JUSTICE, INC.,       ) No. 2:15-bk-20345-BB
7                                    )
              Debtor.                )
8    _____)
                                     )
9    In re                           )
                                     )
10   CLARK WARREN BAKER,             ) No. 2:15-bk-20351-BB
                                     )
11            Debtor.                )
                                     )
12   _____)

13   _____

14

15       2004 EXAMINATION OF CLARK BAKER, INDIVIDUALLY,
16          AS THE PERSON MOST KNOWLEDGEABLE FOR
17      OFFICE OF MEDICAL & SCIENTIFIC JUSTICE, INC.
18              Los Angeles, California
19            Thursday, September 24, 2015
20                   Volume II
21   Reported by:
     LORI SCINTA, RPR
22   CSR No. 4811
23   Job No. 2144337
24
25   PAGES 208 - 419

                                        Page 208

1    person was using that address?

2        A    Because someone who identified himself in that

3    name sent me emails using that email address and that

4    name.

5        Q    Oh.  Have you ever used the email address d, as

6    in David, r as in Robert, m as in mother, @nym, like New

7    York mother, dot hush.com?

8        A    Yes.

9        Q    Is it still open?

10       A    I don't think so.

11       Q    Did you send Dr. Murtagh emails from that

12   address?

13       A    I think I sent one.

14       Q    And what was the substance of that email?

15       A    I don't recall.

16       Q    Do you maintain an address

17   murtaghinfo@nym.hush.com?

18       A    I did, yes.

19       Q    Is it open at this time?

20       A    I don't recall.

21       Q    Did you send Dr. Murtagh email through that

22   address?

23       A    I don't recall.

24       Q    So it has Dr. Murtagh's last name in the

25   address.

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand which

8    was thereafter transcribed under my direction; that the

9    foregoing transcript is a true record of the testimony

10   given.

11         Further, that if the foregoing pertains to

12   the original transcript of a deposition in a Federal

13   Case, before completion of the proceedings, review of

14   the transcript [  ] was [ ] was not requested.

15         I further certify I am neither financially

16   interested in the action nor a relative or employee of

17   any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19   subscribed my name.

20   Dated:

21

22   _____

     LORI SCINTA, RPR

23   CSR No. 4811

24

25

Page 419

# EXHIBIT 744

*ROSEN & ASSOCIATES, P.C.*

*LAW OFFICES*
MANUFACTURER'S BANK BUILDING
515 SOUTH FIGUEROA STREET, SUITE 1060
LOS ANGELES, CALIFORNIA 90071
*TEL* (213) 362-1000 • *FAX* (213) 362-1001
E-MAIL ADDRESS: MAIL@ROSEN-LAW.COM
WEBSITE: ROSEN-LAW.COM

June 12, 2017

**VIA FACSIMILE**
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010

   Re: James Murtagh, M.D. v. Clark Baker, Adv. Case No. 2:15-bk-01535

Dear Mr. Cohen:

   Please meet and confer about each of the following:

   (1) In your recent production of documents, it appears that you have identified exhibits for trial which were specifically excluded by the Court.  Please withdraw those exhibits.

   (2) Because those materials were provided for the first time after the discovery cutoff, we will move to exclude any document which had not been timely produced absent sufficient justification for the tardiness.

   (3) It also appears that you provided some of those documents to your expert, Mr. Pickrell.  Please retrieve them from him and send a revised report with no references to excluded evidence.

   (4) Please arrange for our expert to have the same access to anything which Mr. Pickrell has been given access to and on which Pickrell bases his opinions, including without limitation, the hushmail accounts and www.jamesmurtaghmdtruth.com.

   Thank you.

                                   Very truly yours,

                                   John Wallace

JW:mh

N:\MURTAGH, JAMES - 1493-02\1  MURTAGH V. BAKER - 02\LETTERS\Cohen (KK docs and access to hushmail) 0612 2017.wpd

```
MODE = MEMORY TRANSMISSION          START=JUN-12 16:09    END=JUN-12 16:10

  FILE NO.=350

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

 001       OK       &          13239374503         002/002  00:00:30


                                      -ROSEN ASSOCIATES,PC    -
****************************** -213 362 1000   - ***** -   213+362+1001- ********
```

# ROSEN & ASSOCIATES, P.C.

### LAW OFFICES
MANUFACTURERS BANK
515 S. FIGUEROA STREET, SUITE 1060
LOS ANGELES, CALIFORNIA 90071
TEL (213) 362-1000 • FAX (213) 362-1001
E-MAIL ADDRESS: MAIL@ROSEN-LAW.COM
WEBSITE: ROSEN-LAW.COM

June 12, 2017

# URGENT

### FACSIMILE COVER LETTER

| | |
|---|---|
| **TO** | Baruch C. Cohen, Esq. |
| **COMPANY:** | Law Office of Baruch C. Cohen, APLC |
| **FAX NUMBER:** | **323-937-4503** |
| **CONFIRM NO.:** | **323-937-4501** |
| **WEBSITE:** | |
| **EMAIL ADD:** | bcc4929@gmail.com |
| **FROM:** | John B. Wallace, Esq. |

**NUMBER OF PAGES:** (including cover)    2

**COMMENTS:**

If you do not receive all pages, please call (213) 362-1000 as soon as possible.

CLIENT NAME\NUMBER:  Murtagh/Baker

**EXHIBIT 745**

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823

Telephone: (323) 937-4501
Facsimile: (323) 937-4503

June 12, 2017

*Via fax: 213-362-1001*

Rosen & Associates, P.C., John B. Wallace, David P. Bleistein, Robert C. Rosen, Lisa Hiraide
515 South Figueroa Street, # 1060
Los Angeles, CA 90071

Re:   **Murtagh v. Baker, adv # 2:15-ap-01535-BB** - Meet & Confer letter 6-12-2017

Counsel:

In your letter of this date, you claim: (1) that Defendant is identifying exhibits that were "specifically excluded by the court" & (2) you threaten to exclude documents that were produced after the discovery cut-off date..

As to issue # 1, please identify which documents were "specifically excluded by the court."

As to issue # 2, pursuant to FRCP 26, parties have an ongoing obligation (until trial) to disclose and produce documents which are made available to them which Defendant has done in his Supplemental Disclosures. Therefore a motion to exclude them would be improper.

As to your last point, my client would be happy to meet with your expert Bruce Anderson in my office with my client's laptop, to provide him the opportunity to examine any email he so desires to review, including the hushmail exhibits that have already been produced to you.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:     Clark Baker
C:\DATA\DOCS\BAKER\Murtagh v. Baker - Meet & Confer letter 6-12-2017.wpd
6/12-4:51pm

Page 1 of 1

Exh. 745, pg. 1

# EXHIBIT 747

# ROSEN & ASSOCIATES, P.C.

*LAW OFFICES*
MANUFACTURER'S BANK CENTER
515 SOUTH FIGUEROA STREET, SUITE 1060
LOS ANGELES, CALIFORNIA 90071
*TEL* (213) 362-1000 • *FAX* (213) 362-1001
E-MAIL ADDRESS: MAIL@ROSEN-LAW.COM
WEBSITE: ROSEN-LAW.COM

June 28, 2017

**VIA FACSIMILE ONLY**
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010

       Re:  Clark Baker, Case No.  2:15-bk-20351-BB

Dear Mr. Cohen,

       Your expert witness wrote that he has access jamesmurtaghmdtruth.com. [Docket No. 252-3 at page 30 of 45].

       In order for Plaintiff's expert to have equal access and that we obtain a level playing field, please provide us with access information (such as username and password) so that our expert can access that site.

       If you do not provide that information, please let us know your availability to meet and confer on this issue.

                                   Very truly yours,

                                   *[signature]*

                                   John B. Wallace

JBW:mh

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* –COMM. JOURNAL– \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DATE JUN-28-2017 \*\*\*\*\* TIME 14:30 \*\*\*\*\*\*\*\*

```
MODE = MEMORY TRANSMISSION              START=JUN-28 14:29    END=JUN-28 14:30

  FILE NO.=356

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES  DURATION

  001      OK      ☎          13239374503            002/002 00:00:36
```

                                            –ROSEN ASSOCIATES,PC    –

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* –213 362 1000    – \*\*\*\*\* –    213+362+1001– \*\*\*\*\*\*\*\*\*

# ROSEN & ASSOCIATES, P.C.

### LAW OFFICES
MANUFACTURERS BANK
515 S. FIGUEROA STREET, SUITE 1060
LOS ANGELES, CALIFORNIA 90071
*TEL* (213) 362-1000 • *FAX* (213) 362-1001
E-MAIL ADDRESS: MAIL@ROSEN-LAW.COM
WEBSITE: ROSEN-LAW.COM

June 28, 2017

# URGENT

## FACSIMILE COVER LETTER

| | |
|---|---|
| **TO** | Baruch C. Cohen, Esq. |
| **COMPANY:** | Law Office of Baruch C. Cohen, APLC |
| **FAX NUMBER:** | 323-937-4503 |
| **CONFIRM NO.:** | 323-937-4501 |
| **WEBSITE:** | |
| **EMAIL ADD:** | bcc4929@gmail.com |
| **FROM:** | John B. Wallace, Esq. |

| **NUMBER OF PAGES:** (including cover) | 2 |
|---|---|

**COMMENTS:**


If you do not receive all pages, please call (213) 362-1000 as soon as possible.

CLIENT NAME\NUMBER:  Murtagh/Baker

Exh. 747, pg. 3

# EXHIBIT 760

Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                                   Telephone: (323) 937-4501
Los Angeles, California 90010-3823                                   Facsimile: (323) 937-4503

June 29, 2017

*Via fax: 213-362-1001*

Rosen & Associates, P.C.,  John B. Wallace, David P. Bleistein, Robert C. Rosen, Lisa Hiraide
515 South Figueroa Street, # 1060
Los Angeles, CA 90071

Re:    **Murtagh v. Baker, adv # 2:15-ap-01535-BB** - password for www.murtaghtruth.com

Counsel:

In your letter of 6-28-2017, you requested to level the playing field and produce to you access
information to www.murtaghtruth.com.

Your terminology is off, but we can comply nevertheless. My client did not give Mr. Pickrell
access to the website's dashboard (Admin credentials). Instead, my client directed Mr. Pickrell to
the website and directed him to type 22634 as the password to gain access to the
password-protected site.

You now have what Mr. Pickrell had.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:    Clark Baker
C:\DATA\DOCS\BAKER\Murtagh v. Baker - password tto www.murtaghtruth.com.wpd
6/29-4:42pm

Page 1 of 1

# EXHIBIT 761

```
 1              UNITED STATES BANKRUPTCY COURT

 2      CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION

 3

        _____
 4                                 )

        In Re:                     )
 5                                 )

        CLARK WARREN BAKER,        )
 6                                 )

              Debtor.              ) Bk. Case No:
 7      _____ ) 2:15-bk-20351-BB

                                   ) Chapter 7
 8      JAMES MURTAGH M.D.         )

                                   ) Adv. Case No.
 9            Plaintiff,           ) 2:15-AP-01535-BB

                                   )
10        vs.                      )

                                   )
11      CLARK WARREN BAKER,        )

                                   )
12            Defendant.           )
        _____ )

13

14

15

16          DEPOSITION OF JAMES PICKRELL

17              Los Angeles, California

18              Wednesday, July 12, 2017

19                    Volume I

20

21

22      Reported by:

        LORI M. BARKLEY
23      CSR No. 6426

24      Job No. 2655942

25      PAGES 1 - 197
```

                                              Page 1

1              If I'm interested in copying Mr. Baker's

2    website, how do I do that?

3              Tell me all the ways to do that.

4        A.    Well, there's an easy way and a hard way.

5    The hard way is you just go to the different pages

6    and you right click and you download them and you

7    save them onto your hard drive and upload them

8    somewhere else.

9              The easy way is you use a program like Wget,

10   which is a Linux command, which in a one-line command

11   will capture the whole website.  And it will follow

12   all the links and give you the whole thing so you can

13   copy a whole website in about one minute.

14       Q.    So I can do it without getting Baker's

15   permission?

16       A.    Assuming that the website is publicly

17   visible.  You couldn't do this to a passworded

18   website.

19       Q.    So you couldn't do it even if you had

20   password access to the website?

21       A.    Oh, if you had the password, then no

22   problem.

23       Q.    Okay.  So -- so you compared the sites.  You

24   found similarities.  So the issue is whether

25   Mr. Anderson's position that Baker was the

                                          Page 169

1            On baddocjjm.com, Mr. Baker's e-mail address

2    is listed as the administrator; is that right?

3        A.    Apparently, yes.

4            MR. COHEN:  Well, as far as this experiment.

5    This screen is what you're asking.

6            MR. WALLACE:  No.  I'm going more generally.

7            MR. COHEN:  He did not testify that Baker's

8    name is listed as the administrator.  He was

9    testifying in the context of this experiment when you

10   put the e-mail in the window.  So objection,

11   mischaracterizing the witness' testimony.

12           MR. WALLACE:  Okay.  I'll back up because I

13   wanted to --

14       Q.   So there is something that indicated that

15   Baker's e-mail address was associated with bad doc --

16           MR. COHEN:  Objection, mischaracterizes the

17   witness' testimony.  It's a subscriber page.

18           MR. WALLACE:  I'm just trying to figure out

19   where -- it's a subscriber page.

20           MR. COHEN:  Correct.  And your line of

21   questioning is not reading the flow of the exhibit

22   properly by mischaracterizing it.

23   BY MR. WALLACE:

24       Q.   So on page 35, there is a screenshot.  And

25   it indicates error, cookies are blocked and not

                                         Page 174

```
 1              So, actually, that's an example of hacking?
 2      A.   I suppose on some level it is.  Let's see
 3  who complains.  It will be interesting to find out.
 4      Q.   All right.  So then --
 5           MR. COHEN:  Ethical hacking.
 6           MR. WALLACE:  No.  Not ethical hacking
 7  because the actual account owner supposedly did not
 8  give consent.
 9           MR. COHEN:  Who would that supposed owner
10  be?
11           MR. WALLACE:  Good question.  If Baker owns
12  it, it's not hacking 'cause he authorized it.  But
13  his position is I don't own it, so it's hacking.
14      Q.   So, anyway, then we have a dashboard comes
15  up, right, and it says howdy, Clark Baker, right?
16      A.   Um-hmm.
17      Q.   Yes?
18      A.   Yes.
19      Q.   And there's a screenshot, but that
20  screenshot is not of the whole dashboard, right?
21  It's only of a corner of it, right?
22      A.   Right.
23      Q.   And you took that screenshot or Baker took
24  it?
25      A.   I don't remember.
```

Page 181

1    Q.    You don't, but it's clearly only part of the

2  dashboard because it doesn't show anything.

3        It doesn't show even that this person's a

4  subscriber, right?

5    A.    Yeah.   The dashboard has a lot more

6  information than this.

7    Q.    Exactly, whether it's for an administrator

8  or for a subscriber.

9        So why would only a partial screenshot be

10  taken?   Kind of deceptive, though, isn't it?

11    A.    It's just an illustration.

12    Q.    Of what?

13    A.    That the log-in is successful.

14    Q.    But why not take a screenshot of the whole

15  page to show what access the -- isn't the whole

16  purpose of this experiment to show what kind of

17  access this person has and you don't take a

18  screenshot of the whole page, the whole dashboard?

19    A.    That seems like a very good idea.   I agree

20  with you.   That would be interesting.   I did see

21  that, but I guess we didn't get a screen capture of

22  it.

23    Q.    It's like you do an experiment and then you

24  get no conclusion.   So this experiment seems to end

25  up with hacking with no conclusion.   All right, so

                                        Page 182

```
 1              (Recess taken.)

 2

 3    BY MR. WALLACE:

 4        Q.   So we went through the various steps in your

 5    experiment, and I had a few other questions.

 6              So ultimately did you determine what type of

 7    account Baker had?

 8        A.   It was an account with no particular

 9    privileges.

10        Q.   So does that mean it was a subscriber

11    account or some other kind of account?

12        A.   Not a subscriber account.  It's just a

13    low-level administrator account.  An administrator

14    with no permissions to do anything.

15        Q.   How did you determine that; from the

16    dashboard?

17        A.   Yes.

18        Q.   Which we -- you didn't share with us.

19        A.   I am in agreement with you that a picture

20    here would be quite helpful.

21        Q.   Let me ask you this:  When was that account

22    that we're talking about created?

23        A.   I don't know.

24        Q.   Would it show on the dashboard?

25        A.   I don't think so, but it couldn't hurt to
```

Page 188

```
 1   STATE OF CALIFORNIA         ) ss.

 2   COUNTY OF LOS ANGELES       )

 3              I, Lori M. Barkley, CSR No. 6426, do hereby

 4   certify:

 5              That the foregoing deposition testimony

 6   taken before me at the time and place therein set

 7   forth and at which time the witness was administered

 8   the oath;

 9              That the testimony of the witness and all

10   objections made by counsel at the time of the

11   examination were recorded stenographically by me, and

12   were thereafter transcribed under my direction and

13   supervision, and that the foregoing pages contain a

14   full, true and accurate record of all proceedings and

15   testimony to the best of my skill and ability.

16              I further certify that I am neither counsel

17   for any party to said action, nor am I related to any

18   party to said action, nor am I in any way interested

19   in the outcome thereof.

20              IN WITNESS WHEREOF, I have subscribed my

21   name this 26th day of July, 2017.

22

23                         _____

24

25              LORI M. BARKLEY, CSR No. 6426
```

Page 197