Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (323) 937-4503
e-mail: BCC4929@gmail.com

*Attorney For Defendant CLARK WARREN BAKER*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CLARK WARREN BAKER<br><br>Debtor<br><br>―――――――――――<br><br>JAMES MURTAGH, M.D.<br><br>Plaintiff<br><br>vs.<br><br>CLARK WARREN BAKER<br><br>Defendant | Case No. 2:15-BK-20351-BB<br><br>Adv. 2:15-ap-01535-BB<br><br>Before the Honorable Sheri Bluebond<br><br>Chapter 7<br><br>**OPPOSITION TO PLAINTIFF'S MOTION BASED ON DEFENDANT'S VIOLATION OF THIS COURT'S OCT. 5, 2017 ORDER FOR EQUAL ACCESS INCLUDING: (A) CONTEMPT; (B) ISSUE, EVIDENTIARY AND/OR MONEY SANCTIONS AGAINST BAKER & HIS ATTORNEY; DECLARATIONS OF BARUCH C. COHEN, CLARK BAKER & JIM PICKRELL**<br><br>Date: 3-20-2018<br>Time: 2:00PM<br>Courtroom 1530<br>255 E. Temple Street, Los Angeles CA 90012 |

Defendant, Clark Baker ("Defendant"), hereby opposes the **PLAINTIFF'S MOTION BASED ON DEFENDANT'S VIOLATION OF THIS COURT'S OCT. 5, 2017 ORDER FOR EQUAL ACCESS INCLUDING: (A) CONTEMPT; (B) ISSUE, EVIDENTIARY AND/OR MONEY SANCTIONS AGAINST BAKER & HIS ATTORNEY** filed herein by Plaintiff, James Murtagh ("Plaintiff").

3/6-2:54pm

Pursuant to Local Bankruptcy Rule 9013-1(F) any reply must be filed with the court and served on the responding party not later than 7 days prior to the hearing on the motion. Failure to so state, file and serve any reply may result in the Court failing to consider the same.

DATED:    March 6, 2018

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By    /S/ Baruch C. Cohen
Baruch C. Cohen, Esq.
*Attorney for Defendant CLARK WARREN BAKER*

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **DEFENDANT DID NOT GIVE PICKRELL ACCESS TO THE MURTAGHTRUTH'S DASHBOARD (ADMIN CREDENTIALS)**

Regarding Plaintiff's claims regarding the password for www.murtaghtruth.com, as Defendant explained before in his *Opposition to Motion for Protective Order Granting Relief Concerning Access to Various Sites and for Related Relief* ("Opposition"), and as stated very clearly in prior correspondence of 6-29-2017: [Exhibit 760, p.1]

> "In your letter of 6-28-2017, you requested to level the playing field and produce to you access information to www.murtaghtruth.com. Your terminology is off, but we can comply nevertheless ***My client did not give Mr. Pickrell access to the website's dashboard (admin credentials)***. Instead, my client directed Mr Pickrell to the website and directed him to type 22634 as the password to gain access to the password-protected site. ***You now have what Mr. Pickrell had***." [Emphasis added]

Defendant's declaration to the Opposition clearly stated:

> "I did not give Mr. Pickrell access to the murtaghtruth website's dashboard (admin credentials). Instead, I directed Mr Pickrell to the website and directed him to type 22634 as the password to gain access to the password-protected site."

Pickerell's declaration to the Opposition clearly stated:

> "Clark Baker did not give me access to the murtaghtruth website's dashboard (admin credentials). Instead, he directed me to the website and directed me to type 22634 as the password to gain access to the password-protected site."

The Court's 10-5-2017 *Order Granting Motion for Protective Order Concerning Access to Various Sites* provided that ""not later than 3 business days after entry hereof, defendant Clark Warren Baker ("Baker") shall provide to Bruce Anderson ("Anderson"), the expert witness employed by plaintiff James Murtagh, M.D. ("Murtagh") in this adversary proceeding, ***the same level of access*** to the same websites, passwords, domains, email accounts, etc. that Baker provided to his own expert witness James Pickrell ("Pickrell") ***in the same manner that Baker provided such access to Pickrell***." [Emphasis added]

On 10-16-2017, Defendant's counsel complied with this Court's order and wrote Plaintiff:

> "Accordingly, regarding murtaghtruth website, my client did not give Mr. Pickrell access to the website's dashboard (Admin credentials). Instead, my client directed Mr. Pickrell to the website and directed him to type 22634 as the password to gain access to the password-protected site. You now have what Mr. Pickrell had."

1     Defendant fully complied with the Court's 10-5-2017 ruling: he gave Plaintiff the exact same level of access ... that Baker provided to Pickrell in the same manner that Baker provided such access to Pickrell.

    Rather than seeking clarification from the Court to amend the Court order, and rather than conducting additional follow-up discovery of Pickrell and/or Defendant to ask that operative question regarding whether Pickrell was indeed given the Defendant's security passwords, Plaintiff struck again, with yet, another frivolous motion - without meeting and conferring - seeking contempt and evidentiary sanctions against Defendant and his counsel for not complying with the Court's 10-5-2017 order.

    Plaintiff's new Motion is predicated entirely on his extrapolating from Pickerell's testimony that he had access to the 'highest levels' of www.murtaghtruth.com (and to Defendant's private Hushmail account). However, Plaintiff never asked Pickerell the operative question: did Defendant give him the administrative passwords, and the simple answer to that is that he did not. Pickrell's deposition transcript [Exhibit 761] did not say anything to the contrary. He did not testify that he had actual access to the website's dashboard (admin credentials).

    Plaintiff's counsel never asked Pickrell that operative question point-blank, and his answers never concluded emphatically that he did have security access. Mr. Cohen told Mr. Wallace emphatically, over and over again, that Pickrell was not given access to the website's dashboard (admin credentials) and therefore Plaintiff's expert does not need equal access (to a nullity and fiction). Plaintiff's request for "equal access" to the website's dashboard (admin credentials) is predicated on assumptions and misquotes. Defense counsel could not have been any clearer.

    Defendant could not have been any clearer, that he cannot give Plaintiff what he seeks since he did not give his own expert Pickerell what Plaintiff thinks Defendant gave him.

    Defendant re-submits his earlier declaration and the declaration of Pickerell submitted in his *Opposition* as absolutely nothing has changed.

    There was simply no violation of the Court's 10-5-2017 ruling re murtaghtruth, and this frivolous motion is properly denied.

B. **DEFENDANT HAD AND HAS NO ADMINISTRATIVE ACCESS TO BADDOC WEBSITE. HE HAD AND HAS NOTHING TO DO WITH THE WEBSITE, DIDN'T CREATE IT, DIDN'T SOLICIT ANYONE TO CREATE IT, AND DOES NOT OWN THE URL**

Regarding Plaintiff's claims regarding www.baddocjjm.com, Defendant explained before in his *Opposition*, and as stated very clearly in his previous declaration to the Court [Doc 210-2 Declaration of Clark Baker Page2 2-11 of 43]:

> "I have no administrative access to baddoc website. I had and have nothing to do with the website, didn't create it, didn't solicit anyone to create it, and does not own the url [Doc 210-2 Declaration of Clark Baker Page2 2-11 of 43]."

Pickerell's declaration to the Opposition clearly stated:

> "Clark Baker did not give me any administrative access to the baddoc website."

On 10-16-2017, Defendant's counsel complied with this Court's order and wrote Plaintiff:

> "As to baddocjjm, the Pickrell report shows exactly the screen accesses that my client "gave" Pickrell. Your expert now have what Mr. Pickrell had."

Defendant cannot give Plaintiff something that he simply does not have.

There was simply no violation of the Court's 10-5-2017 ruling re baddocjjm, and this frivolous motion is properly denied.

C. **THE SECURITY ACCESS TO HUSHMAIL HAS BEEN PROVIDED TO PLAINTIFF**

Regarding Defendant's private Hushmail account, it appears that there was a mis-communication by Defendant regarding the issuance of a password, that Defendant wishes to clary now.

Defense counsel was under the impression that Defendant did not give Pickrell the password - which is why there was nothing for counsel to report regarding hushmail on 10-16-2017. It now appears that Defendant indeed gave Pickrell a 'temporary' password to the account. According to Defendant, when he provided Pickrell with a temporary password, he was on the phone with Pickrell throughout his entire examination of the Murtagh emails and they walked through each one during

his examination. When Pickrell finished his examination (less than thirty minutes later), he closed the browser and my client changed the password. Defense counsel was not aware of this subtle fact when he complied with the Court's order on 10-16-2017.

On 3-5-2018, Defense counsel clarified and sent Plaintiff's counsel the hushkey access information to the hushmail 35 emails:[1]

1. EMAIL ACCOUNT: https://www.hushmail.com/preview/hushmail
2. EMAIL SCREEN NAME: omsj@hushmail.com,
3. PASSWORD: **CHQ9437osg29V%oPs**

Plaintiff and his expert now have the password information to Defendant's private Hushmail account to access the 33 emails in question. Defense counsel apologizes for any confusion (better late than never).

### D. DEFENDANT DID NOT KNOWINGLY VIOLATE THE COURT'S ORDER

The (primary) focus of the *Motion for Protective Order Granting Relief Concerning Access to Various Sites and for Related Relief* was the passwords to murtagh truth and to baddocjjm websites. Regarding those two websites, there was clearly no violation, as Defendant argued above.

As to the hushmail access, Defendant's only violation was accidental, as he did not raise any password issues in his Opposition, and only recently clarified his confusion by complying and providing Plaintiff the complete access to the hushmail account. The only violation was that it was not timely. But that mistake was explained above. It was certainly not a willful violation of the court's order.

Sanctions for civil contempt may be imposed both to "coerce future compliance" with a court order issued for another party's benefit and to "compensate for any harm that previously resulted" from the noncompliance. *Chief. Exec. Officers Clubs, Inc*., 359 B.R. 527, 534 (Bankr. S.D.N.Y. 20007) (citing *New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998). In fashioning an appropriate remedy, courts must consider "the nature of the harm and

---

[1] A true and correct copy of Defense Counsel's letter of 3-5-2018 is attached hereto as Exhibit "1" and is incorporated herein by this reference.

the probable effect of alternative sanctions." Id. at 536 (citing *EEOC v. Local 28, Sheet Metal Workers*, 247 F.3d 333, 336 (2d Cir. 2001)).

Technical or unintended violations of a court order, as explained above, as well as violations that are quickly remedied, as explained above, should not be punished as contempt. *Nicholas*, 457 B.R. at 226; *Cruz*, 254 B.R. at 816.

Plaintiff waited several months after the 10-5-2017 order to bring this motion. Defendant's review of the Motion caused him to realize the accidental error regarding the password to the hushmail account and immediately remedied it.

According to the record before the Court, Plaintiff has not incurred any out of pocket losses, other than alleged attorney's fees, and has not suffered a loss of income or wages as a result of not having access to the hushmail account since October 2017. Therefore, those types of damages should not be awarded here.

Courts have awarded attorneys' fees when a party (1) willfully disobeys a court order, and (2) is found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Szenes*, 515 B.R. at 7; *Nicholas*, 457 B.R. at 225; *Nassoko*, 405 B.R. at 520; *Dabrowski*, 257 B.R. at 416; *Watkins*, 240 B.R. at 678. An award of attorneys' fees may also be warranted where an offending party not only willfully violated the discharge injunction but also acted in bad faith or in a vexatious or oppressive manner. *Watkins v. Guardian Loan Co. of Massapequa, Inc. (In re Watkins)*, 240 B.R. 668, 678 (Bankr. E.D.N.Y. 1999); *DiGeronimo*, 354 B.R. at 642 (Bankr. E.D.N.Y. 2006); *Russell v. Chase Bank USA, NA (In re Russell)*, 378 B.R. 735, 743-744 (Bankr. E.D.N.Y. 2007). Defendant's technical or unintended violations of a court order regarding the hushmail password, as explained above, as well as violations that are quickly remedied, as explained above, does not qualify for an award of attorneys fees.

The Supreme Court has held that "a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith . . . would have to precede any sanction under the court's inherent powers." *Roadway Express v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 2465, 65 L. Ed. 2d 488 (1980). As stated above, Defense counsel's action regarding the hushmail account were

not egregious, but based on Defendant's misinformation regarding whether a password was given. Immediately upon discovering the miscommunication, Defense counsel remedied the error and corrected it and provided Plaintiff the access.

Further, the Court's order was directed to Defendant and not to Defense Counsel. He could not have been in violation of the Court's order.

E. **CONCLUSION**

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety.

DATED:     March 6, 2018         LAW OFFICE OF BARUCH C. COHEN
                                 A Professional Law Corporation

                                 By ___/S/ Baruch C. Cohen___
                                 Baruch C. Cohen, Esq.
                                 Attorney for Defendant CLARK WARREN BAKER

**DECLARATION OF BARUCH C. COHEN**

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I proudly represent Defendant CLARK WARREN BAKER.

5. This declaration is in support of the **OPPOSITION TO PLAINTIFF'S MOTION BASED ON DEFENDANT'S VIOLATION OF THIS COURT'S OCT. 5, 2017 ORDER FOR EQUAL ACCESS INCLUDING: (A) CONTEMPT; (B) ISSUE, EVIDENTIARY AND/OR MONEY SANCTIONS AGAINST BAKER & HIS ATTORNEY**

6. Regarding Defendant's private Hushmail account, it appears that there was a mis-communication between me and my client regarding the issuance of a password, that I wish to clary now.

7. I was under the impression that my client did not give Pickrell the password - which is why there was nothing for me to report regarding hushmail on 10-16-2017.

8. It now appears that my client indeed gave Pickrell a 'temporary' password to the account.

9. According to my client, when he provided Pickrell with a temporary password, he was on the phone with Pickrell throughout his entire examination of the Murtagh emails and they walked through each one during his examination. When Pickrell finished his examination (less than thirty minutes later), he closed the browser and my client changed the password.

10. I was not aware of this subtle fact when I complied with the Court's order on 10-16-2017. Let

3/6-2:54pm

-7-

1      me clarify my client's response now: Here is the hushkey access information to the hushmail 35 emails:

     a.      EMAIL ACCOUNT: https://www.hushmail.com/preview/hushmail

     b.      EMAIL SCREEN NAME: omsj@hushmail.com,

     c.      PASSWORD: **CHQ9437osg29V%oPs**

11.      On 3-5-2018, I clarified and sent Plaintiff's counsel the hushkey access information to the hushmail 35 emails:[2]

12.      Plaintiff and his expert now have the password information to Defendant's private Hushmail account to access the 33 emails in question. I apologize for any confusion (better late than never).

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 6, 2018, at Los Angeles, California.

                                                               By    /S/ *Baruch C. Cohen*

                                                               Baruch C. Cohen, Esq

---

[2] A true and correct copy of Defense Counsel's letter of 3-5-2018 is attached hereto as Exhibit "1" and is incorporated herein by this reference.

# DECLARATION OF CLARK BAKER

I, CLARK BAKER, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. This declaration is in support of the **OPPOSITION TO MOTION FOR PROTECTIVE ORDER GRANTING RELIEF CONCERNING ACCESS TO VARIOUS SITES AND FOR RELATED RELIEF**

3. I did not give Mr. Pickrell access to the murtaghtruth website's dashboard (admin credentials).

4. Instead, I directed Mr Pickrell to the website and directed him to type 22634 as the password to gain access to the password-protected site.

5. I have no administrative access to baddoc website. I had and have nothing to do with the website, didn't create it, didn't solicit anyone to create it, and does not own the url [Doc210-2 Declaration of Clark Baker Page2 2-11 of 43].

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 18, 2017, at Los Angeles, California.

By /S/ _____

Clark Baker

C:\DATA\DOCS\BAKER\OPPOSITION TO MOTION FOR PROTECTIVE ORDER GRANTING RELIEF CONCERNING ACCESS TO VARIOUS SITES AND FOR RELATED RELIEF.wpd
9/18-6:35pm

-8-

# DECLARATION OF JIM PICKRELL

I, JIM PICKRELL, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. This declaration is in support of the **OPPOSITION TO MOTION FOR PROTECTIVE ORDER GRANTING RELIEF CONCERNING ACCESS TO VARIOUS SITES AND FOR RELATED RELIEF**

3. Clark Baker did not give me access to the murtaghtruth website's dashboard (admin credentials). Instead, he directed me to the website and directed me to type 22634 as the password to gain access to the password-protected site.

4. Clark Baker did not give me any administrative access to the baddoc website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 18, 2017, at Los Angeles, California.

By /S/ *James E. Pickrell*
Jim Pickrell

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940  
Los Angeles, California 90010-3823

Telephone: (323) 937-4501  
Facsimile: (323) 937-4503

March 5, 2018

*Via fax: 213-362-1001*

Rosen & Associates, P.C., John B. Wallace, David P. Bleistein, Robert C. Rosen, Lisa Hiraide  
515 South Figueroa Street, # 1060  
Los Angeles, CA 90071

Re:   **Murtagh v. Baker, adv # 2:15-ap-01535-BB** - Compliance with Court's October 5, 2017 Order Compelling Baker To Provide Equal Access To Plaintiff's Expert -2

Counsel:

Regarding Defendant's private Hushmail account, it appears that there was a mis-communication between me and my client regarding the issuance of a password, that I wish to clary now.

I was under the impression that my client did not give Pickrell the password - which is why there was nothing for me to report regarding hushmail on 10-16-2017.

It now appears that my client indeed gave Pickrell a 'temporary' password to the account.

According to my client, when he provided Pickrell with a temporary password, he was on the phone with Pickrell throughout his entire examination of the Murtagh emails and they walked through each one during his examination. When Pickrell finished his examination (less than thirty minutes later), he closed the browser and my client changed the password.

I was not aware of this subtle fact when I complied with the Court's order on 10-16-2017. Let me clarify my client's response now: Here is the hushkey access information to the hushmail 35 emails:

1. EMAIL ACCOUNT: https://www.hushmail.com/preview/hushmail
2. EMAIL SCREEN NAME: omsj@hushmail.com,
3. PASSWORD: **CHQ9437osg29V%oPs**

You and your expert now have the password information to Defendant's private Hushmail account to access the 33 emails in question. I apologize for any confusion (better late than never).

The list files of the hushmail account listing the 35 emails.

If you have any questions or comments regarding the above, please do not hesitate to call.

///



Page 1 of 2

Exhibit # ___1___ Page # ___1___

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:   Clark Baker
Enclosures

C:\DATA\DOCS\BAKER\Murtagh v. Baker - Compliance with Court's October 5, 2017 Order Compelling Baker To Provide Equal Access To Plaintiff's Expert -2.wpd
3/5-6:04pm

Page 2 of 2

Exhibit # __1__ Page # __2__

Home | Mail | Return to original Hushmail

**Hushmail**  Check mail | Compose

Clark Baker | Contacts | Preferences | Help | Sign Out

Search this folder [        ] Search

- Inbox
- Sent
- Drafts
- Junk
- Trash
- Electric Family
- Friends
- Junk E-mail
- Murtagh

Manage folders

Select: All, None, Read, Unread   Mark read   Mark unread   Move   Delete   Report spam

Sort by Date (Newest to oldest)

| | Sender | Subject | Date |
|---|---|---|---|
| ☐ | James Murtagh | From Merced | January 14 2015 |
| ☐ | James Murtagh | From Montreal | January 4 2015 |
| ☐ 📎 | James Murtagh | Holiday greetings from Canada! | January 3 2015 |
| ☐ | James Murtagh | Time for a special visit | December 28 2014 |
| ☐ | James Murtagh | Letter written by Ken | December 25 2014 |
| ☐ 📎 | James Murtagh | Merry Christmas! | December 20 2014 |
| ☐ 📎 | James Murtagh | Countdown to Christmas! | December 19 2014 |
| ☐ | James Murtagh | We have united to stop Ulberg! | December 18 2014 |
| ☐ | James Murtagh | Kendrick spills the beans | December 15 2014 |
| ☐ 📎 | James Murtagh | Big news! Kuritzky recants! Brown joins! | December 11 2014 |
| ☐ 📎 | James Murtagh | Holiday greetings from Canada! | December 4 2014 |
| ☐ 📎 | James Murtagh | Canada- so great | December 2 2014 |
| ☐ 📎📎 | James Murtagh | Happy Thanksgiving! | November 30 2014 |
| ☐ 📎📎 | James Murtagh | Clearing up confusion | November 27 2014 |
| ☐ 📎📎 | James Murtagh | Happy Thanksgiving from Montreal! | November 27 2014 |
| ☐ 📎📎 | James Murtagh | Have you talked to the bogus detective? | November 24 2014 |
| ☐ 📎📎 | James Murtagh | the bogus detective is defeated | November 24 2014 |
| ☐ 📎📎 | James Murtagh | Thanks for your he! | November 24 2014 |
| ☐ 📎📎 | James Murtagh | Happy Thanksgiving from Montreal | November 23 2014 |
| ☐ | James Murtagh | Big Bucks | November 20 2014 |
| ☐ | James Murtagh | Who is more nuts? | November 15 2014 |
| ☐ 📎 | James Murtagh | Good to be home | November 11 2014 |

Exhibit # __1__   Page # __3__

| | | James Murtagh | Who is more nuts? | November 15 2014 |
|---|---|---|---|---|
| | 📎 | James Murtagh | Good to be home | November 11 2014 |
| | 📎 | James Murtagh | Any idea | November 11 2014 |
| | 📎 | James Murtagh | Any idea | November 10 2014 |
| | | James Murtagh | Why does your client send these messages? | November 9 2014 |
| | 📎 | James Murtagh | New Job | November 2 2014 |
| | 📎 | James Murtagh | Info | October 31 2014 |
| | 📎 | James Murtagh | Fwd: Greetings from Cody Wyoming! | July 15 2014 |
| | 📎 | James Murtagh | Good news! | July 14 2014 |
| | 📎 | James Murtagh | Good news! | July 14 2014 |
| | 📎 | James Murtagh | Good news! | July 14 2014 |
| | | James Murtagh | Good news! | July 10 2014 |
| | 📎 | James Murtagh | Happy Birthday America! | July 4 2014 |

1 - 33 of 33 | Show [ 100 ⇕ ] items per page

You are using 1% of your available storage (9 MB of 1,000 MB)

You last signed in 3 days ago from 🇺🇸 United States
📄 See other recent activity

View as: Mobile | Desktop



Exhibit # __1__   Page # __4__

```
TRANSMISSION VERIFICATION REPORT
```

```
                                        TIME  : 03/05/2018 18:31
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : J2J947077
```

```
DATE,TIME              03/05 18:30
FAX NO./NAME           12133621001
DURATION               00:00:52
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                    Telephone: (323) 937-4501
Los Angeles, California 90010-3823                    Facsimile: (323) 937-4503

March 5, 2018

***Via fax: 213-362-1001***

Rosen & Associates, P.C., John B. Wallace, David P. Bleistein, Robert C. Rosen, Lisa Hiraide
515 South Figueroa Street, # 1060
Los Angeles, CA 90071

Re:  **Murtagh v. Baker, adv # 2:15-ap-01535-BB** - Compliance with Court's October 5, 2017
     Order Compelling Baker To Provide Equal Access To Plaintiff's Expert -2

Counsel:

Regarding Defendant's private Hushmail account, it appears that there was a mis-communication between me and my client regarding the issuance of a password, that I wish to clary now.

I was under the impression that my client did not give Pickrell the password - which is why there was nothing for me to report regarding hushmail on 10-16-2017.

It now appears that my client indeed gave Pickrell a 'temporary' password to the account.

According to my client, when he provided Pickrell with a temporary password, he was on the phone with Pickrell throughout his entire examination of the Murtagh emails and they walked through each one during his examination. When Pickrell finished his examination (less than thirty minutes later), he closed the browser and my client changed the password.

I was not aware of this subtle fact when I complied with the Court's order on 10-16-2017. Let me

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **OPPOSITION TO PLAINTIFF'S MOTION BASED ON DEFENDANT'S VIOLATION OF THIS COURT'S OCT. 5, 2017 ORDER FOR EQUAL ACCESS INCLUDING: (A) CONTEMPT; (B) ISSUE, EVIDENTIARY AND/OR MONEY SANCTIONS AGAINST BAKER & HIS ATTORNEY; DECLARATIONS OF BARUCH C. COHEN, CLARK BAKER & JIM PICKRELL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 6, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David P Bleistein
   dbleistein@rosen-law.com, robertrosen@rosen-law.com, johnwallace@rosen-law.com, lhiraide@rosen-law.com, mail@rosen-law.com, jim@rosen-law.com
Baruch C Cohen bcc4929@gmail.com
Michael I Gottfried
   mgottfried@lgbfirm.com, kalandy@lgbfirm.com; cboyias@lgbfirm.com; rspahnn@lgbfirm.com; srichmond@lgbfirm.com
Lisa Hiraide lhiraide@rosen-law.com
Sam S Leslie (TR) sleslie@trusteeleslie.com, sleslie@ecf.epiqsystems.com; trustee@trusteeleslie.com
Alan I Nahmias anahmias@mbnlawyers.com, jdale@mirmanbubman.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Aleksandra Zimonjic azimonjic@lgbfirm.com, cboyias@lgbfirm.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:  On **March 6, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 6, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Sheri Bluebond, Roybal Federal Bldg. & Courthouse, 255 E. Temple St, Ste 1534, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 6, 2018** | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**