Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

*Attorney for Defendant CLARK WARREN BAKER*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-BK-20351-BB |
| CLARK WARREN BAKER | Adv. 2:15-ap-01535-BB |
| Debtor | Before the Honorable Sheri Bluebond |
| _____ | Chapter 7 |
| JAMES MURTAGH, M.D. | **DEFENDANTS' OBJECTION TO PLAINTIFF'S REPLY RE CONTEMPT AND SANCTIONS - AND REQUESTED RELIEF [DOCKET #344]** |
| Plaintiff | |
| vs. | Date: 5-8-2018 |
| CLARK WARREN BAKER | Time: 2:00 p.m. |
| Defendant | Place: COURTROOM: 1539 |
| | Calendar No. 214 |

Defendant CLARK WARREN BAKER ("Defendant") hereby objects to Murtagh's *Defendants' Objection to Plaintiff's Reply Re Contempt and Sanctions - and Requested Relief* [Docket #344] ("Reply Brief").

        Murtagh filed an oversize Reply brief by abusing the use of single spaced footnotes in the document. In a 28 page Reply Brief [Docket #344], Murtagh has included 73 footnotes--many of

5/3-11:09am

1  which occupy a large portion of each page.[1]

2     At no time, did Murtagh seek Baker's consent or cooperation with respect to filing a brief

3  exceeding the page limit provided in LBR 9013-2(b)(1) Length that provides: "A brief must not

4  exceed 35 pages in length, unless otherwise ordered by the court on motion filed and served pursuant

5  to LBR 9013-1(p)."

6     LBR 9013-1(g)(3) provides that: "Unless the court finds good cause, a reply document not

7  filed or served in accordance with this rule will not be considered." [Emphasis added]

8     It has long been settled that a party may not use footnotes in order to grant itself an oversize

9  brief. See, e.g., *In re: Marriage of Green*, (1989) 213 Cal.App.3d 14, 28:

10        "The exhibits consist largely of the text of footnotes which, if correctly placed within
           the brief, would have made it too long. Moreover, large chunks of textual material
11        have been placed, single-spaced, in 50 footnotes, contrary to formal stylistic
           conventions, for the sole purpose of reducing the number of pages in the brief. Such
12        sleight of hand is an insult to this court."

13

14     Plaintiff's counsel seems to forget (again and again) this Court's admonition on 3-23-2017

15

16     [1]Murtagh's oversized Reply Brief best exemplifies how this case has lost it's focus: The
    Complaint's main inquiry is about the murtaghtruth website is; if what was posted was defamatory.
17  Baker has acknowledged that he created the website and the trial was bring to light his defensive
    reasoning. What is relevant, in a defamation claim is what is visible to the public, not what is in the
18  inner workings of the website, or any other website, or Baker's hushmail account. This case is about
    523(a)(6) and whether Baker had willful malice to Murtagh when he created that website. This case
19  is not a referendum of the inner reveal codes, security passwords, or whatever technical inner-
    workings of a website. The current direction of this lawsuit is simply: irrelevant and off-base.
20
       Consistent with Plaintiff's case in its entirety, Plaintiff and his counsel do not consider
21  discovery for its proper purpose, but only as yet another means by which to harass and cost Defendant.
22     Should Plaintiff establish the threshold relevance of the administrative password for the
    murtaghtruth website or any other website (which he has not done), Defendant would request that this
23  court conduct an in camera inspection of the contents of the site. This Court will find that every single
    statement contained therein is true and not defamatory, and every single link is to a public record
24  document - which cannot be by definition defamatory. While an in camera review is ordinarily utilized
    only when necessary to resolve disputes concerning privilege; it is rarely used to determine relevance -
25  in this case, an in camera review will call Plaintiff's bluff and backfire on Plaintiff proving the non-
    defamatory nature of the website.
26
       This oversized Reply Brief is merely, yet another instance of abuse on the part of Plaintiff and
27  his counsel. Its absurdity only demonstrates the lengths to which Plaintiff will go to harass and ruin
    Defendant, accelerated by the fact that Plaintiff never intended this case would proceed this far.
28

5/3-11:09am

-2-

1    Hearing on 3-23-2017 re *Motion by Plaintiff James Murtagh, M.D. for Relief Concerning Nonparty*

2    *Witness David Bender aka Kevin Kuritzky*):

3           "I mention that now because that is the way you have been lawyering the case. And,
       as a result, I'm not surprised that your fees are significantly more than I would consider
4      reasonable fees of the kind I ought to allow pursuant to FRCP 30(d) I guess it was,
       30(d)(2). And even among the papers that you filed, the supplemental papers that you
5      filed, for me to even find the parts that actually relate to what I want, not only have you
       spent way more of your time and client's money doing it, you end up spending way
6      more of my time and my law clerk's time as I'm trying to find the part that is the stuff
       I need. You know, you lead with a whole discussion of the history of this and the
7      background and who did what to whom about a whole bunch of other stuff. You give
       me -- not just in this matter but whenever you've filed papers, you give me binders of
8      exhibits, maybe one or two of which relate to the particular matter. You give me a
       table that somebody's taken the time to prepare of all the exhibits that you've given me.
9      At one point I think you even delivered boxes that had binders in them of -- and then
       when my law clerk inquired about why – why we had them and you conceded that
10     many of them weren't even relevant, but that way at least I'd have them. So this is just
       a very long-winded way of my explaining that your style of lawyering the case causes
11     you to give me -- to do way more than is necessary in a given fact pattern."

12
              The Reply Brief should be stricken as it does not comply with the Local Rules, and Defendant
13
       would be prejudiced if the Court considers it. This Court should not countenance this type of abuse,
14
       and should strike the Reply Brief.
15

16
       DATED:        May 3, 2018                  LAW OFFICE OF BARUCH C. COHEN
17                                                A Professional Law Corporation

18                                                By ____/S/ Baruch C. Cohen_____
                                                  Baruch C. Cohen, Esq.
19                                                *Attorney for Defendant CLARK WARREN BAKER*

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **Defendants' Objection to Plaintiff's Reply Re Contempt and Sanctions - and Requested Relief  [Docket #344]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 3, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| David P Bleistein | dbleistein@rosen-law.com, robertrosen@rosen-law.com, johnwallace@rosen-law.com, lhiraide@rosen-law.com, mail@rosen-law.com, jim@rosen-law.com, sharan@rosen-law.com |
| John Wallace | johnwallace@rosen-law.com |
| Lisa Hiraide | lhiraide@rosen-law.com |
| Baruch C Cohen | bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com |
| Alan I Nahmias | anahmias@mbnlawyers.com, jdale@mirmanbubman.com |
| Sam S Leslie (TR) | sleslie@trusteeleslie.com, sleslie@ecf.epiqsystems.com; trustee@trusteeleslie.com |
| US Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **May 3, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 3, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond, Roybal Federal Bldg. & Courthouse, 255 E. Temple St, Ste 1534, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 3, 2018 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.